JAMES H. EAMES, Appellant, *v.* THOMAS HENNESSY, Appellee.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

An application for a continuance, on account of the absence of a witness, should not only show diligence, but that there are no others to prove the same facts, and that the witness may be in attendance at another term. A delay of six months, without serving process on a witness, is a want of diligence.

An officer may recover for his reasonable expenses, in keeping property levied on, by attachment or execution.

THIS declaration in assumpsit states that Eames, at Chicago, made his draft or order, in writing, for payment of money, usually called a check, on a banker, directed to E. H. Huntington & Co., requiring them to pay Hennessy or bearer, $109.20; that on same day said draft was presented to Huntington & Co., and payment demanded and refused, of which Eames had notice. By means whereof, etc. Common counts for money lent, money paid, money had and received, account stated, promises to pay, and breach.

Pleas filed, and affidavit of merits.

1st plea, general issue.

2nd plea, that the check was given without any good or valuable consideration, in this: that the same was for certain fees which Hennessy, as a constable in and for said county, claimed he had a right to charge Eames, but which, in fact, he had no right to charge; and the same was illegal, and without warrant of law; concluding with verification.

3rd plea, that at the time when, etc., Hennessy was a constable, and as such, set up and claimed certain fees to be due him from defendant, in virtue of his office, and for services by him rendered in the course of his office, and that the sole and only consideration for which the check was given, was in payment of the fees so claimed by him. That the fees were illegal, and the services for which they were charged, had not in fact been rendered by Hennessy, and so the consideration for the check had wholly failed; verification, etc.

4th plea, as to $100 of said check, same as last plea; and as to balance, payment; verification, etc.

Similiter added, and replications filed,

To 2nd plea, that the check was not given for fees which were illegal, and charged without warrant of law, in manner and form, etc., and concludes to the country.

To 3rd plea, that the consideration had not failed in manner and form, etc., and concludes to the country, etc.

To 4th plea, that the consideration of the check had not failed to $100, nor had Eames paid the balance, and concludes to the country.

Motion for continuance overruled. The cause was tried by court. Judgment at November special term, for Hennessy, for $127.72.

The errors assigned are: The refusal of the continuance; the finding the issues for appellee; the refusing motion for new trial; and the rendition of judgment for appellee.

W. T. BURGESS, for Appellant.

SCATES, MCALLISTER & JEWETT, for Appellee.

WALKER, J.　This was an action of assumpsit instituted by Hennessy against Eames to the June term, 1857, of the Cook County Court of Common Pleas, on a draft or order from Eames in favor of Hennessy, drawn on Huntington & Co., for $109.20. The declaration contained a special count on the draft and also the common counts.　It was averred in the special counts that the draft was drawn, presented and protested, by the drawers. The defendant below filed the general issue, a plea of no consideration, a plea of failure of consideration, and a plea of part failure of consideration.　At the October term, 1857, the defendant filed an affidavit and entered a motion for a continuance on account of the absence of James Jones, one of his witnesses. The court overruled the motion, and the cause was tried by the court, by consent, without the intervention of a jury.　And the court, on the evidence, found for the plaintiff below, and rendered a judgment against defendant below for $127.72, damages and costs of suit, from which he appeals to this court.

The first question presented for our consideration in this case, is, whether the court below erred in overruling the motion for a continuance.　The affidavit states that defendant expected to be able to prove on the trial by James Jones, that in November, 1854, the plaintiff claimed to hold the schooner Baltic under a writ of attachment issued by a justice of the peace, and had placed the same in the hands of said Jones; that at the time of the levy the said Jones was the captain of said schooner, in the employment of the owners; that Hennessy had not paid Jones anything therefor, nor offered to do so, and no compensation was agreed upon by them, and that Jones made no claim upon Hennessy for taking care of the vessel.　That within five days after the levy, Jones stripped her of her sails and loose rigging and towed her up the south branch of the Chicago river, where she was soon after frozen in and remained without any person in the actual charge of her, until the next spring; and that this suit was brought on a check given for fees claimed by Hennessy as a constable, to be due to him for taking care of the vessel.　He then claimed that there was due to him about seventy dollars for fees, which defendant refuses to pay.　The defendant, for the purpose of collecting these fees, undertook to sell the vessel, to prevent which, defendant gave the check for the amount claimed, and the only consideration thereof was the fees claimed in the attachment suit, the defendant having previously paid the judgment and costs in the attachment suit, except the fees claimed by plaintiff.　That Jones, when the affidavit was made, was captain of the Experiment, a vessel plying between Chicago and Kalamazoo, and was expected to return in a week or ten days, that she had left Chicago the week previous, and that affiant had

seen the captain shortly before he left port and informed him that he was wanted as a witness in the case. That he refused to remain, and left before he could get a subpœna and have him served. That the witness resided in Chicago, and the application was not made for delay, but that justice might be done.

This affidavit shows but little effort to procure the attendance of this witness. Service was had on the defendant on the 14th day of April, and this trial was not had until the 9th day of October following, and during all that time, and until a week previous to the trial, no efforts of any kind are shown to have been made to procure his attendance, no subpœna was issued, nor does he show that the issuing of a subpœna, would have been unavailing. Can this be held, to be reasonable diligence? While courts must necessarily exercise a large discretion in allowing continuances, they must be satisfied that the party has made reasonable efforts to procure the attendance of the absent witness. In determining that question it will be necessary for the judge to consider all the circumstances, the time which has intervened after the service of process, whether it be a first, second or third application. On a first application soon after the service of the process, a less degree of effort should satisfy the court, than when a longer time has elapsed, and so of a second or a subsequent application by the same party. In this case we think proper diligence is not shown, as near six months had transpired after service and before the application was made, and no subpœna was during all that time issued, for the witness residing in the same city, and no reason given why such process would not have been availing.

This affiant fails to state that this is the only witness by whom the same facts can be proved. Nor does it state that there will be a contrariety of evidence on the question. For aught appearing, the appellant may have had numerous witnesses present by whom he could have proved the same facts, just as satisfactorily as by the absent witness. And if so, the evidence was not material, unless there were other witnesses to contradict his evidence on that point, and having failed to state these facts, the presumption is that he had other witnesses to prove all that he could have proved by Jones, and that his evidence was not needed on the trial. In this the affidavit is, we think, insufficient.

Again, this affidavit wholly fails to state that, he expected to be able to procure the attendance of the witness, or his evidence by the next term of the court. In this respect the affidavit was also insufficient, as a continuance would be useless unless the absent evidence were produced. And there can be no pre-

sumption that the witness will give his voluntary attendance, and the applicant for a continuance must know whether he has a reasonable prospect of procuring the evidence. In this respect this affidavit was insufficient. We are therefore of the opinion that the court below did not err in overruling this motion for a continuance.

It was insisted that a constable has no right to charge for expenses in taking care of property levied under execution or attachment. To make a levy he has to take the property into his possession, and the law holds him responsible for its preservation. It would be strange if the law imposed a duty on an officer involving expense and outlay, and then denied him compensation to reimburse his outlays. His duty to levy, keep and preserve the property, is imperative, and he has no option in the matter. The defendant in execution or attachment has the right to release the property from the custody of the officer, by giving bond and security for the return of the property to the officer, and when he fails to so return the property from the levy, he impliedly constitutes the officer his bailee, and he, as such, has a right to look to the defendant for reasonable compensation for such services, and has a lien on the property for his charges, for which he may retain it till they are paid, or until the property shall be sold under the execution, when. he may retain his charges out of the proceeds of the sale. The law having imposed the duty on the officer, it must have intended he should receive a compensation for its performance. When the defendant fails or refuses to release the property from the levy, he has no right to complain if he has to satisfy the expense of keeping the property. It would be highly unjust to require the officer to make the levy and incur this expense or be liable to an action for a false return, when he was not to be refunded his actual expenditures. The check on which this suit was instituted was given on settlement for a claim for expenses incurred in keeping this vessel, and they constituted a sufficient consideration to support the promise to pay. The question of whether such charges may be taxed and collected by fee-bill, after the satisfaction of the judgment in the original suit, is not presented by this record, and is not, therefore considered. This charge must no doubt be a reasonable one, having regard to the care, expense, trouble and responsibility which has been actually incurred by the officer in taking care of the property attached. Whether the charge made in this case, or, whether the check was given under such circumstances of constraint as to authorize an inquiry into its consideration, it is not necessary now to say. We think the court properly overruled the motion for a continuance, and its judgment must be affirmed.

*Judgment affirmed.*