## GEORGE JENKINS v. THE STATE.

While the application for continuance stated that the defendant could prove by three women that he won the coat which he is charged with stealing from another freedman on the day, &c., (see statement,) the showing is not a compliance with the code. (Paschal's Dig., Art. 2987.)  On the first application, if the statute be complied with, a continuance is granted, of course.

When not in accordance with the statute, it is addressed to the sound discretion of the court.

Where the property was stolen, and the party was found in possession of it three hours afterwards, he is, *prima facie*, guilty, and unless there be proof to rebut this presumption, the verdict will not be disturbed.

APPEAL from Bastrop.  The case was tried before Hon. JOHN IRELAND, one of the district judges.

The defendant was indicted for stealing a coat. He moved for a continuance, and on the ground that he was almost a total stranger in that community; that he had been in the county but a few days before he was arrested in this case; that he had been confined in the county jail ever since he was accused of the charge; that he could prove by three women of color that he won the coat which he is charged with stealing from another freedman, on the day and about one hour before he was arrested, &c.; that, being a stranger, and having no friends or relatives in the county, he had not been able to learn the names of the three freedmen; that he could prove that he came honestly by the coat; expected to procure the attendance of such witnesses, &c.  The motion was overruled, but the point does not seem to have been saved by bill of exceptions. It was proved that the coat stolen was worth $30; that the accused was followed, and the coat found upon his person; that he said he had won the coat behind the livery stable with cards; but that he had made contradictory statements as to where he said he had won it.

The charge of the court was in accordance with the statute.  The defendant was found guilty, and his punishment assessed at two years in the penitentiary.  He moved for a new trial, which was overruled, and he appealed.

*A. D. McGinnis*, for the appellant, insisted that the motion for continuance was improperly overruled, and that the defendant was wrongfully convicted.

*William Alexander, Attorney General*, for the state.

CALDWELL, J.—We see no error in the record.  The indictment is unobjectionable, and charges the offense in the language of the statute.  The application for a continuance states, that " he (defendant) can prove by three women that he won the coat he is charged with stealing

from another freedman, on the day and about an hour before he was arrested;" and that the names and residence of witnesses are unknown.

This does not comply with the statute, (Paschal's Dig., Art. 2987,) and is addressed to the discretion of the court. An application for a first continuance, in the terms of the law, relieves the court of its discretion, and the continuance is granted as of course. Not so when the application is based upon causes not contemplated in the statute. Then the discretion of the court is invoked in view of all the facts.

After trial and conviction, with a full knowledge of all the evidence, the court is better prepared to judge of the relevancy of the cause set up for a continuance, and, if satisfied that injustice has been done, upon motion, a new trial ought to be awarded. (Cooper v. State, 19 Tex., 459.)

The evidence fully sustained the verdict. The defendant was found in possession of the property within three hours after it was stolen. This is *prima facie* evidence of guilt; and, unless there is some proof to rebut this presumption, the jury were warranted in so finding.

There being no error, the judgment of the court below is

AFFIRMED.