## VAN BROWN v. THE STATE.

1. In his affidavit for a first continuance, on account of absent witnesses, the defendant stated, by way of showing diligence, that he had subpœnas issued for the witnesses as soon as the indictment was found, and further that he had placed them in the hands of the sheriff, who had not returned them so as to enable defendant to state whether they had been served or not; but the affidavit failed to state the date of the subpœnas, or the time when they were placed in the sheriff's hands. The witnesses lived within the county, and defendant, having been on bail, could have gone after them himself. *Held*, that the affidavit did not show the diligence required by the statute. It might be true in every respect, and yet it might also be true that the subpœnas, though issued as soon as the indictment was found, had been withheld from the sheriff until the case was called for trial.

2. It is to be expected that in applying for a continuance a party will state the facts as strongly as possible in his own favor, and therefore presumption in his behalf cannot be indulged.

3. With respect to a first continuance for want of an absent witness, however true it may be in civil causes, and to a certain extent in criminal ones, that if the application complies with the terms of the statute, the court has no discretion to refuse it; yet this doctrine is not to be understood to deprive the court, in criminal causes, of the exercise of a sound discretion in determining the question of diligence, or in deciding upon the materiality of the facts alleged to be within the knowledge of the absent witness. The intimation to the contrary in Jenkins v. The State, 30 Texas, 444, is *obiter dictum*, and not recognized as law.

4. The usual instruction respecting "reasonable doubts" is warranted only in cases where the evidence suggests a doubt; and even in that class of cases, unless the defendant asked the instruction and the court refused it, he has no cause to complain of its omission.

APPEAL from Rusk. Tried below before the Hon. J. B. Williamson.

The facts are not necessary further than disclosed in the opinion.

*N. G. Bagby*, for the appellant.

*J. G. Boyle*, Assistant Attorney General, for the State.

OGDEN, J.—Defendant in this case was indicted, tried and convicted of an assault with intent to murder. On the trial of the case the defendant filed a motion for a continuance, which motion was overruled by the court, and the ruling of the court upon the application for a continuance is the principal ground of complaint in this court.

The reason stated in the application for a continuance was the want of the testimony of three witnesses—named in the application; and the diligence set out for procuring the testimony was, that he procured a subpœna to be placed in the hands of the sheriff, and that he had said subpœna issued as soon as he was informed that an indictment had been found against him.

We do not think the showing of diligence a sufficient compliance with the requirements of the statute. The defendant was arrested and entered into a recognizance for his appearance on the sixteenth day of December, and his application for a continuance was made on the thirty-first of December. He therefore had fourteen or fifteen days to procure the testimony of witnesses, who he swears are in the county, within one day's travel, and the defendant at liberty to go for them himself; and yet all the diligence he shows is, that he had a subpœna placed in the hands of the sheriff. Defendant's affidavit for a continuance might be true, and yet it might also be true that the sheriff did not receive the subpœna until the case was called for trial, as the affidavit appears purposely to avoid the date of the subpœna, or the time when the same was placed in the hands of the sheriff. It is true that the defendant swears that he had said subpœna issued as soon as he was indicted. This may also be true, as regards that fact, and yet the subpœna might have been withheld from the sheriff for the express purpose of having an excuse for a continuance.

It is presumed that a party applying for a continuance will state the facts as strongly in his own favor as the nature of the case permits, and therefore the court is not called upon to make presumptions in his favor. It is claimed by counsel for defendant, that on the first application for a continuance, for the want of the testimony of an absent witness, if the application complies with the terms of the law, the court has no discretion, but must grant the continuance ; and he relies upon the authority of Jenkins v. The State, 30 Texas, 444, in support of that position. This may be true in civil causes, and to a certain extent is true in criminal cases. But if it be supposed that the decision in Jenkins v. The State would deprive the court, in criminal cases, of the exercise of a sound discretion in determining the question of diligence, or in deciding whether the facts, which the application alleges can be proven by the absent witness, are material to the prosecution or defense, then we must most respectfully decline to follow that authority. It is true that, in that case, the learned justice who delivered the opinion intimated that, on the first application, if the law was complied with, the court was relieved of any discretion, and the continuance was granted as a matter of course; but it should be observed that the enunciation of that proposition was not necessary to the decision of the case before the court. And it may be further observed that so far as the first, fourth and fifth requisites of an application are concerned, the *obitur* of the court was a correct proposition of law. But we cannot consider it as binding in a case like the one before this court.

Defendant also assigns as error that the court erred in not charging the jury the law in regard to a reasonable doubt. Had the defendant asked such a charge, and the court refused to give it, then he possibly might have some cause of complaint, and particularly if the facts proven on the trial would warrant such a charge. But it is only in such cases where the evidence suggests a doubt, that the court would be warranted in giving such a

charge, even at the request of the defendant.    There is nothing in defendant's last assignment worthy of notice.

We see no sufficient error in the judgment of the court to authorize a reversal ; it is therefore affirmed.

Affirmed.