## TORIBIO MARTINEZ v. THE STATE.

1. THEFT OF MONEY.—An indictment for theft of "one hundred and eighty-two dollars in United States currency" is defective for want of sufficient description of the property stolen and of averment of its value.

2. CHARGE TO JURY.—It is error to instruct the jury in a case of theft, and upon proof of recent possession of the stolen property, that they should find the defendant guilty, unless such possession be fairly and reasonably explained.

APPEAL from Cameron. Tried below before the Hon. Wm. H. Russell.

*F. E. McManus*, for appellant.

*George Clark, Attorney General*, for the State.

GOULD, ASSOCIATE JUSTICE.—The appellant was indicted for theft of "one hundred and eighty-two dollars in United States currency," the property of one H. S. Rock, the indictment giving no further description of the property stolen and no averment of its value.

There is evidence that the amount stolen in United States currency was taken from a bureau in Rock's house, and that a twenty-dollar bill of the missing currency, together with other currency not identified, was found in possession of defendant. Defendant was a servant of Rock, and stated that he found the currency in his yard.

A part of the charge of the court is as follows: "If the defendant was found in possession of twenty dollars which was identified by Rock as being recently stolen from him, and if you believe that said sum was so recently stolen, you will find the defendant guilty, and assess the punishment as instructed, unless he explains to you in fair and reasonable manner how he came into the possession."

The defendant was convicted, and his punishment fixed

at three years in the penitentiary. There was a motion for new trial; also a motion in arrest of judgment, setting up the failure to allege the value of the currency.

We think the court erred in instructing the jury as above set forth. We will not undertake in this case to prescribe how the jury should be instructed on the subject of the unexplained possession of property recently stolen. The rule laid down in Yates v. State, 37 Tex., 202, that the possession of stolen property is a circumstance to be submitted to the jury in connection with other evidence of guilt, is perhaps not in accord with what has been held in former cases in this court. (Mondragon v. State, 33 Tex., 483; Jenkins v. State, 30 Tex., 444.)

Whether the rule just stated be correct or not, we are clear that the court in this case erred in leaving the jury no discretion but to find the defendant guilty, unless his explanation was reasonable. The court can thus deprive the defendant of the benefit of the law which makes the jury the exclusive judges of the facts in every criminal case. (Pas. Dig., art. 3058.)

The indictment in this case was, we think, defective, not only in failing to allege the value of the United States currency, but also in failing to give a more certain description of the property. United States currency is not specified by our statute in designating what is embraced in the term property. (Pas. Dig., art. 2390.)

In Boyle v. State, 37 Tex., 360, the description given was "two ten-dollar United States currency bills," and it was said to be defective, not only because no value was alleged, but also because the description embraced a variety of bills. It appears from the evidence that in this case the size of one of the bills was known, and where that is so we think it should be alleged. (State v. Longbottom, 11 Humph., 39; State v. Murphy, 6 Ala., 845.)

If a more minute description of the United States currency were impracticable, it would seem proper that the

indictment should show that fact. The motion in arrest of judgment should have been sustained.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.