### Refugio Cantu v. The State.

1. Continuance.—When an application for a continuance, addressed to the discretion of the court below, was overruled by it, and error is assigned thereon, this court will not reverse the judgment of conviction unless it clearly appears that the continuance was improperly refused.

2. Same.—Nothing will be supplied by presumption in aid of an application for a continuance; on the contrary, the applicant is presumed to have stated his facts as strongly as he could.

3. Same.—Process for witnesses should be sued out within a reasonable time, and an application for a continuance for want of their testimony

does not show diligence by stating in a general way that subpœnas were sued out and returned "not found." The application should show to whom and when the subpœnas were delivered, and when and by whom they were returned.

APPEAL from the District Court of Bexar. Tried below before the Hon. GEORGE H. NOONAN.

The facts are sufficiently stated in the opinion of the court.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

ECTOR, Presiding Judge. The appellant was indicted at the February term, 1876, of the district court of Bexar county, charged with stealing a watch, valued at $50, from the house of Joseph McGinty. He was convicted by the jury, and his punishment assessed at two years' confinement in the penitentiary.

We do not think that defendant's exceptions to the indictment were well taken, and, therefore, they were properly overruled by the district court.

The indictment was presented on the 8th day of March, 1876. On the 24th of March following the counsel for the defendant filed his motion to quash the indictment. The defendant's affidavit for continuance, filed on the 16th of June, shows that he took no steps to procure the attendance of the witnesses named therein for nearly three months. To show the diligence, if any, used by him to procure the attendance of the witnesses, we will copy from the affidavit itself, viz.: "That defendant had subpœnas issued for said witnesses on the 13th day of June, 1876, and the same were returned not found; that defendant expects to prove by said witnesses that the watch alleged to have been stolen by defendant was handed to him by one Silvester Saldiver, in

their presence, with instructions to defendant to pawn the same."

The affidavit for continuance does not state the officer or person to whom, or at what time, said subpœnas were delivered. For aught that is shown from the record the subpœnas may have been received by the person who returned them on the very eve of the trial. It is evident that the facts which defendant states he expected to prove by the absent witnesses, and their residence, were known to him when he was first arrested, and no reason is attempted to be shown why steps were not sooner taken to procure their testimony to defend him from so grave a charge.

This court, in the case of *Murray* v. *The State*, at the Austin term, *ante* p. 174, and in the case of *Dill and Rice* v. *The State*, at the present Tyler term, *ante* p. 278, has decided that it is not a sufficient showing for a continuance for a defendant to state in his application that he has had an attachment issued for a witness by whom he could prove material facts in his defense, without stating the date when the same was issued, and the officer to whom it was delivered, and at what time it was delivered to him. See also the cases of *Townsend* v. *The State*, 41 Texas, 135; *Van Brown* v. *The State*, 34 Texas, 186.

In applications addressed to the discretion of the court it must clearly appear that the continuance was improperly refused before the judgment will be reversed. Nothing is to be presumed in favor of an application for continuance, but the presumption must be that the party making it stated his facts as strongly as he could.

The charge of the court was applicable to the facts proved on the trial. There were no additional charges asked by the counsel for the defendant. The defendant had a fair trial—was convicted of the lowest penalty affixed to the offense charged in the indictment. We can perceive no

material difference between the case of *Wills* v. *The State*, 40 Texas, 69, and the one at bar. The evidence fully sustains the finding of the jury in this case. The judgment of the district court is, therefore, affirmed.

*Affirmed.*