## J. LAVARRE *v*. THE STATE.

1. THEFT—INDICTMENT described the property stolen as "three hundred gold dollars, the property of" the alleged owner, without alleging the value of the dollars, or that they were of the lawful money or current coin of the United States, or other country. *Held,* that the indictment is defective for want of a sufficient description.

**2. Same.**—An indictment for the theft of coin should, if practicable, give a particular description of the coin; and, if that be not practicable, should so allege, after giving such description as is practicable.

Appeal from the District Court of Hill. Tried below before the Hon. D. M. Prendergast.

The opinion states the case.

*S. C. Upshaw* and *J. Abbott*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

White, J. What purports to be a statement of the facts in this case is not signed, approved, or certified to by the judge. We are, therefore, to consider the case as one in which there is no statement of facts. *Brooks* v. *The State*, decided at the present term (not reported). And, under the uniform practice which has always obtained in this state, where there is no statement of facts the inquiry on appeal will be limited to ascertain whether or not the indictment will sustain the charge and the finding of the jury. See *Robert Talley* v. *The State*, just decided, and authorities there collated and cited.

Looking, then, to the indictment to ascertain its sufficiency, we find the charging portion thereof to be contained in the following words, to wit: "That John Lavarre, late of the county of Hill, laborer, on the 15th day of February, in the year of our Lord one thousand eight hundred and seventy-four, with force and arms, in the county of Hill and state of Texas, did then and there three hundred gold dollars, of the property of John T. Shelton, in the dwelling-house of Mrs. Caroline Bailes, there situate, in the possession of Mrs. Caroline Bailes, then holding said gold dollars for the said John T. Shelton, did then and there, in and from

said dwelling-house, unlawfully and fraudulently steal, take, and carry away," etc.

It will be observed that the value of the "three hundred gold dollars" is not alleged, nor is it anywhere alleged that the "three hundred gold dollars" are of the lawful money or current coin of the United States, or of any other country.

"The rule is that the property must be described with reasonable certainty whenever it is practicable to do so; and, therefore, when it can be done, the species of coin must be specified, as 'fifty pieces of the coin of the United States commonly called half dollars.' When a particular description cannot be given, it should be stated in the indictment, after giving such as the grand jurors can certainly make of the property." *Ridgeway* v. *The State*, 41 Texas, 232; 1 Whart. on Am. Cr. Law, sec. 363.

In *Martinez* v. *The State*, 41 Texas, 164, it was held that an indictment for theft of "one hundred and eighty-two dollars in United States currency" was defective for want of a sufficient description of the property stolen, and of averment of its value.

In *Boyle* v. *The State*, 37 Texas, 360, an indictment was held invalid which charged the defendant with stealing "the sum of sixty-five dollars of the following description: two twenty-dollar gold pieces and one five-dollar gold piece, and two ten-dollar United States currency bills, and one money purse." The court say: "We think the indictment bad for uncertainty, both as to description and value of the articles charged to have been stolen. The coin is alleged to be of certain denominations, but it fails to state that they are of the current coin of the United States, or of any other country, and the universally established rules for criminal pleadings will not authorize the indulgence in presumptions and inferences to aid an indictment in so material a part of its charge." Citing 2 Bishop on Cr. Pro. 698, *et seq.* And again it is said: "But the indictment fails

to allege that the gold pieces or the bills had any value whatever. An allegation of value is material in two respects; in the first place, there can be no theft of an article unless that article has either intrinsic or relative value, and no value could be proved unless alleged in the indictment. Again, under our statute the degree of punishment for theft depends upon the value of the thing stolen. It, therefore, becomes material to prove the value of the property stolen, in order to affix the character and degree of punishment." Ib., citing 2 Bishop on Cr. Pro., sec. 703, p. 703.

In the light of all the leading authorities, the indictment in this case is fatally defective; therefore the judgment of the lower court is reversed and the cause dismissed.

*Reversed and dismissed.*