## WILLIAM WELLS v. THE STATE.

1. VARIANCE. — Indictment for theft designated the owner of the stolen property as "one Chin Chan, a Chinaman (a better description of whose name cannot be given by the grand jury)," and subsequently mentioned him as the "said Chin Chang." *Held,* that the variance between the appellations is not material.

2. INDICTMENT. — The certainty required in an indictment is such certainty as will enable the accused to plead the judgment rendered on it in bar of another prosecution for the same offense.

3. SAME — DESCRIPTION OF STOLEN MONEY — as, "two ten-dollar gold pieces, United States coin, of the value and denomination of ten dollars each; one ten-dollar United States currency note, of the value and denomination of ten dollars; one ten-dollar United States national bank-note, of the value and denomination of ten dollars " — is a good and sufficient description.

4. THEFT. — Note a state of facts held to constitute the accused a principal offender, though not actually present when the theft was committed by his confederate. *Welsh* v. *The State,* 3 Texas Ct. App. 413, cited with approval on this subject.

APPEAL from the District Court of Dallas. Tried below before the Hon. Z. HUNT.

Chin Chang, for the State, testified that, one Sunday night in April, 1877, the defendant, who had been working at a hotel along with witness, asked him if he did not want to go and see some girls. Witness said yes, and they went off together. After going a great distance, witness asked defendant how much further they would have to go. Defendant said not far, and they went on until they came to the house of Annie Shaw, a negro woman. Witness, defendant, and the woman sat down and talked together for a few minutes, and then defendant left. The woman immediately closed and locked the door, and put out the light, and she and witness went to bed. In a minute or two she got up, and witness immediately heard a silver dime drop on the floor. He had such a piece of money in his vest pocket, besides $85 in United States gold coin, and $15 in United

States currency. Witness had put his clothes on a chair, and when the woman got up and he heard the dime drop, he jumped up and seized her. She jerked loose from him and ran out of the back door, taking with her all of the money which witness had in his vest.

Dock Adams, who was jointly indicted with Annie Shaw and the appellant, testified for the State that, while he was coming down Elm Street in Dallas, the night the Chinaman lost his money, Annie Shaw called him and asked him to take charge of a handkerchief which she handed to him, and in which he found one five and three ten-dollar gold pieces, and a one-dollar currency bill. After witness left Annie Shaw he met Wells, the defendant, who told him that he and Annie Shaw had robbed the Chinaman, Chin Chang, and that he got the Chinaman's money at Annie Shaw's house.

Laura Woods, for the State, testified that, two nights before the Chinaman's money was stolen, the defendant told her that Chin Chang had $100 which he always carried in his inner vest pocket, and he wanted witness to help him "go through the Chinaman, Chin Chang." He proposed to bring the Chinaman to witness' house, where she could get the money from him, and that she and defendant would divide it. On the next night the defendant brought Chin Chang to the house where witness was living, and witness told defendant she was afraid to try to get the money. He tried to persuade her, but she again refused, and he then said he would get some one else to do it, and he and the Chinaman left. On the next night the defendant told witness that he and Annie Shaw had robbed the Chinaman, and divided the money in the back room of Annie Shaw's house.

James Arnold, for the State, testified that he was a policeman, and that Chin Chang complained to him the night he was robbed, and he went in search of defendant, and

found him in bed, about eleven or twelve o'clock.   Defendant and witness looked for Annie Shaw, but did not find her, and they separated.   An hour or so afterwards witness found Chin Chang, Annie Shaw, and defendant together on the street.   Witness arrested Annie Shaw and the defendant, and on searching him found a ten-dollar gold piece and a five-dollar United States currency note between his hand and his glove.

Two witnesses were introduced by the defense, but their testimony is not material.

The jury found the accused guilty, and awarded him ten years in the penitentiary.

*W. L. Crawford* and *C. F. Clint*, for the appellant.

*W. B. Dunham*, for the State.

WINKLER, J.   The appellant and two others were charged by indictment with theft of money from a person whose name is mentioned twice in the body of the indictment; and, in order to a correct understanding of the questions hereafter to be discussed, two extracts are taken from the instrument itself, showing the connection in which the name is found.

First, in that portion where the name first appears, the connection of the name with the context is as follows: "Did fraudulently take, steal, and carry away from and out of the possession of one Chin Chan, a Chinaman (a better description of whose name cannot be given by the grand jury), one twenty-dollar gold coin."   The other time and place where the name appears, the connection is as follows: "The corporeal personal property of said Chin Chang, without his consent, and with intent to deprive him of the value thereof, and to appropriate it to the use and benefit of," etc.

Prior to the trial a motion was made to quash the indict-

ment. One ground set out in the motion is " because it does not charge that the money was taken without the consent of the person from whose possession it is alleged to have been taken."˙ The idea intended to be conveyed is that, by the face of the indictment, the " Chin Chan " mentioned in the indictment, and " Chin Chang " mentioned therein, are not one and the same person, but are two several, different, and distinct individuals. The motion was, by the court, overruled, and, a severance being had, the appellant was put upon his trial alone, when the jury returned a verdict of guilty against him, and assessed his punishment at ten years' confinement in the penitentiary, which was followed by a judgment in accordance with the finding of the jury. Motions for a new trial and in arrest of judgment were made and overruled, and this appeal is prosecuted.

From the several bills of exception taken on the trial, the charges asked by the defendant's counsel, the motions for a new trial, and in arrest of judgment, as well as the assignment of errors and the argument of counsel, the grounds relied on for a reversal, besides the one already pointed out, as to whether Chin Chan and Chin Chang are, or are not, one and the same person, are that the indictment does not sufficiently describe the money alleged to have been stolen to admit evidence of its identity ; that the evidence is insufficient to connect the appellant with the offense charged, as a principal offender ; and that, if the appellant is guilty at all, he is guilty of the offense of receiving stolen property, and not of theft.

In considering these several propositions in their order, we remark that, with reference to the indictment, it must be apparent that the grand jury labored under some embarrassment as to the name of the person whose property is charged to have been stolen, particularly as to the last, or surname. They give his name agreeably to their best

information, and as to this name they say, "a better de-
scription of whose name cannot be given by the grand
jury," and endeavor to supply the want of information as
to the name by giving a description of his person as a
Chinaman.   And when he is again mentioned, they desig-
nate him as "the said Chin Chang."

The certainty required in an indictment is such certainty
as will enable the accused to plead the judgment that may
be given upon it in bar of another prosecution for the same
offense.   Code Cr. Proc., art. 398 (Pasc. Dig., art. 2865).
Testing this indictment by this rule of the Code, we are of
opinion the objections to it are not well taken.   The seem-
ing variance was unimportant.   *Goode* v. *The State*, 2
Texas Ct. App. 520.

The same may be said as to the other objection—that the
indictment does not sufficiently describe the money alleged
to have been stolen.   The indictment describes the money
by a description of the money as gold coin, or national bank-
notes, of which the following examples will show:   "Two
ten-dollar gold pieces, United States gold coin, of the value
and denomination of ten dollars each; four five-dollar gold
pieces, United States gold coin, of the value and denomi-
nation of five dollars each;   *   *,   *   also, one ten-dollar
United States currency note, of the value and denomination
of ten dollars; one ten-dollar United States national bank-
note, of the value and denomination of ten dollars."

This is, we think, a substantial compliance with the rule
laid down in *Lavarre* v. *The State*, 1 Texas Ct. App. 685,
based upon *Ridgeway* v. *The State*, 41 Texas, 231, and
Whart. Cr. Law, sec. 363.

The present case is unlike the cases of *Martinez* v. *The
State*, 41 Texas, 164, where the money was described as
"one hundred and eighty-two dollars in United States cur-
rency," and *Boyle* v. *The State*, 37 Texas, 360, where the
party was charged with stealing "the sum of sixty-five

dollars, of the following description: two twenty-dollar gold pieces, and one five-dollar gold piece, and two ten-dollar United States currency bills, and one money-purse;" and also the case of *Lavarre* v. *The State*, cited above, where the property was described as "three hundred gold dollars."

The deficiency in the description of the money in each and all of these cases is met in the present case by stating that the money was the gold coin, or United States currency notes, or United States national bank-notes, and stating both the denomination and the value of each piece, in plain and intelligible language, employing apt words for that purpose, which are in common use, and the meaning of which is understood by all.

So that the indictment must be held to contain a sufficient description, both of the coin and the paper bills or notes, for all purposes for which such description is necessary; and there was no error in the court so holding, either as to the motion to quash the indictment, or in its rulings upon the evidence, or in the motion in arrest of judgment.

There was no error in holding that the relation of the accused to the crime charged was that of a principal offender, both in the charge given and in the charges refused. *Welsh* v. *The State*, 3 Texas Ct. App. 413.

Being guilty as a principal offender, if guilty at all, the offense he was guilty of was that of theft of the money, and not that of a receiver of stolen goods or property; and there was no error in refusing the charges asked on that branch of the case.

The omission of the court to instruct the jury as to the necessity of corroborating the testimony of an accomplice, in order to justify a conviction, if such charge were necessary as part of the law of the case, was cured by the charge on the subject given at the request of the county attorney; and, this charge having been given, the court was not re-

quired to repeat the instruction, and did not err in refusing the instruction asked on behalf of the accused on that branch of the subject.

The appellant has been tried on a valid indictment, and convicted on legal evidence, under proper instructions to the jury, and the judgment must be affirmed.

*Affirmed.*