[No. 20099.    In Bank. — July 23, 1886.]

## THE PEOPLE, RESPONDENT, *v.* DAVID LAMPSON, APPELLANT.

CRIMINAL LAW — CONTINUANCE OF TRIAL — ABSENCE OF WITNESS — AFFIDAVITS MUST SHOW ISSUANCE OF SUBPŒNA. — The refusal to continue the trial of a criminal case on the ground of the absence of a material witness for the defendant, who resides out of the county in which the trial is had, is not error, if the affidavits for continuance fail to show that a subpœna for the witness, having indorsed thereon an order of the trial judge for his attendance, was ever issued.

APPEAL from a judgment of the Superior Court of Calaveras County.

The defendant was tried and convicted of a felony in the Superior Court of Calaveras County. The witness on account of whose absence the continuance was asked resided in the city and county of San Francisco. The further facts are stated in the opinion of the court.

*Reddick & Solinsky,* and *Wesley K. Boucher*, for Appellant.

*Attorney-General Marshall,* for Respondent.

Ross, J.—The only point relied on for a reversal of the judgment in this case is the refusal of the court below to grant the defendant a continuance of the trial. It appears from the bill of exceptions that on the 6th of April, 1885, the case was set for trial on the 4th of May following. At the time thus fixed, the defendant moved for a continuance, on the ground that a material witness on his behalf—one Mrs. Cook—was absent. In support of the motion, he filed his own affidavit and that of one of his counsel. The affidavits failed to show that proper diligence was used to procure the attendance of the witness. No such subpœna as would compel the attendance of the witness was ever issued at all, and it does not appear that the sheriff of the city and county of San Francisco was informed of the address of the witness, that he might serve the subpœna that was issued. It is provided by section 1330 of the Penal Code that "no person is obliged to attend as a witness before a court or magistrate out of the county where the witness resides or is served with the subpœna unless the judge of the court in which the offense is triable, or a justice of the Supreme Court, or a judge of the Superior Court, upon an affidavit of the district attorney or prosecutor, or of the defendant or his counsel, stating that he believes the evidence of the witness is material, and his attendance at the examination or trial necessary, shall indorse on the subpœna an order for the attendance of the witness."

The excuse given in the affidavit of the defendant for the failure to obtain the order provided for in the statute is that the superior judge of the county was absent therefrom during the week prior to April 26th. But the affidavit shows that the only subpœna that was issued was issued on the 28th of April, which was subsequent to the expiration of the period during which the judge was absent. There was ample opportunity, both before and after that period, for the procurement of the subpœna required by the statute, and the failure to obtain it was a want of due diligence.

Judgment affirmed.

McKINSTRY, J., MYRICK, J., THORNTON, J., and SHARPSTEIN, J., concurred.