CASE 57—INDICTMENT—APRIL 28.

# Unsel v. Commonwealth.

APPEAL FROM DAVIESS CIRCUIT COURT.

THE APPELLANT WAS NOT ENTITLED TO A CONTINUANCE on account of the absence of one of his witnesses, as it did not appear from his affidavit for a continuance that the process for the witness was ever placed in the hands of an officer to be served. He was, therefore, not prejudiced by the reading of his affidavit as the deposition of the absent witness, and it is not necessary to determine the question raised as to the validity of the statute authorizing such a practice.

OWEN & ELLIS FOR APPELLANT.

1. The amendment of May 15, 1886, to section 189 of the Criminal Code, is unconstitutional. The defendant is entitled to the presence of his witnesses. (Const. of Ky., art. 13, sec. 12; State v. Berkley (Mo.), 4 S. W. Rep., 24; 3 Cooley's Blackstone, 373; Starkie on Evidence, 9th ed., 727, 728 and 766; 2 Story on the Const. (4th ed.), section 1943; Ex parte Milligan, 4 Wall., 120.)

2. The offense charged in the warrant was committed between the July term, 1886, and the January term, 1887 of the court, and, therefore, the case is to be treated as if an indictment had been found at the January term. So, even if the statute is valid, this case is excepted from its provisions.

P. W. HARDIN, ATTORNEY-GENERAL, FOR APPELLEE.

The affidavit for a continuance does not show any diligence whatever. It does not appear that the subpœna was placed in the hands of an officer, or that any effort was made to have it served. Therefore, appellant was not entitled to a continuance, and it is not necessary to consider the constitutionality of the act of May 15, 1886.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant, Unsel, was fined one hundred dollars before a justice of the peace of Daviess county for assault and battery. He appealed to the circuit court, and was there fined seventy-five dollars. He has appealed to this court.

He filed his affidavit for a continuance in the circuit

court on the ground of the absence of two witnesses, Floyd and Woolfolk. Woolfolk, after the affidavit was filed, appeared as a witness; thereupon, the Commonwealth admitted the affidavit as to Floyd, to be read as his deposition; thereupon the court forced the appellant to try, notwithstanding his objections.

The main ground relied upon for a reversal is, that the act of the Legislature, approved May the 15th, 1886, allowing the Commonwealth to admit the statements of a defendant's affidavit in a criminal case, as to what his absent witness would prove, to be read as the witness's deposition, is unconstitutional. We can not consider the question, for the reason that the appellant's affidavit failed to show that he was entitled to a continuance on account of the absence of Floyd. The affidavit says that the appellant "has had process for Floyd at this term of court," and that he was not served, "and when the case was postponed last Saturday he took an attachment for Woolfolk, and an alias process for Floyd; both of which have not been served." There is no statement in the affidavit that either process for Floyd was put in the hands of an officer to be served. The process, as far as the affidavit discloses, may never have left the hands of the appellant.

The appellant having failed to disclose proper diligence to obtain the attendance of the witness, Floyd, he was not entitled to a continuance. Therefore, the Commonwealth having admitted the affidavit as to Floyd, to be read as his deposition, the appellant, rather than being prejudiced, obtained an advantage.

The judgment is affirmed.