URBIE MELBOURNE, PLAINTIFF IN ERROR, V. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

CRIMINAL LAW—CONTINUANCE—SECOND APPLICATION FOR—JURORS—QUALIFICATION OF—MURDER—DEFINITION OF—CHARGES MUST BE IN CONSONANCE WITH FACTS PROVED—EXCEPTIONS.

1. Defendants in criminal cases applying for continuances on the ground of the absence of witnesses must in all cases show diligence in procuring the attendance of such witnesses, but where a second or any subsequent application for continuance is made on the ground of the continued absence of the same witness, extraordinary diligence must be shown to have been exercised in procuring the evidence, else it is not error to refuse the application.

2. A talesman who, on his *voir dire* examination, states that he had formed an opinion as to the guilt or innocence of the accused, but that such opinion was not formed from talking with any witness in the case, but from rumor and newspaper reports, that such opinion was not fixed but would yield readily to the sworn evidence in the case and that he felt perfectly free to try said cause and to render a verdict therein according to the evidence at the trial uninfluenced by such previously formed opinion, is a competent juror.

3. The right of challenge confers the right to *reject*, not to *select*, jurors, and there is no error in sustaining the challenge of the State for cause to a talesman who is an uncle of an intimate friend of the accused who was present with the accused at the time of the homicide and at a difficulty between the accused and the deceased a short while prior to the homicide.

4. When the fact that the deceased in a homicide case had a wife is wholly immaterial, irrelevant and impertinent to any issue in the case, it is error to permit such fact to be shown in proof, as its only tendency would be to prejudice the defendant with the jury.

5. Rulings not excepted to at the trial cannot be assigned as error.

6. The following charge is erroneous: "The killing of an officer of the law, when such officer is engaged in the lawful discharge of his duty, by any person resisting such officer, and under such circumstances as not to constitute justifiable or excusable homicide, is murder in the first degree." It is erroneous because under our statute to constitute murder in the first degree the killing must be done *from a premeditated design to effect the death*, whether the person killed be an officer of the law or not.

7. Charges should be predicated on the facts in proof, and when not so predicated they are erroneous.

8. A charge that assumes a material fact to have been proven, when there is conflict in the proofs as to such fact, is erroneous.

This case was decided by Division B.

Writ of Error to the Circuit Court for Monroe County.

The facts in the case are stated in the opinion of the Court.

*Louis A. Harris,* for Plaintiff in Error.

*W. H. Ellis,* Attorney-General, for the State.

TAYLOR, J. The plaintiff in error, hereinafter referred to as the defendant, was indicted by the grand jury at the Spring term in April, 1904, of the Circuit Court for Monroe county for the crime of murder in the first degree. On the defendant's application the causes was continued until the following November term, 1904, at which term the trial was had, resulting in a conviction of the crime of murder in the first degree, and the defen-

dant was sentenced to death. To review this judgment he comes here by writ of error, returnable to the present term.

At the trial the defendant moved for a continuance on the ground of the absence of a witness, one Shelton Atwell, but the application was denied and this ruling is assigned as the first error. There was no error here. The record before us shows that at the April term of the court a continuance was granted to the defendant on the ground of the absence of this same witness. It shows further that the said witness was personally present in the city of Key West almost continuously during the time between the former April term and the trial term in November, and that he was seen by both the defendant and his counsel during such time, and yet no subpoena or alias subpoena was applied for, or issued or served upon the said witness until the 22nd day of November, the day before the convening of the November term, an alias subpoena was procured for said witness and was returned that he could not be found. This was such a lack of diligence on the defendant's part in procuring the attendance of this witness, as rendered the refusal of his application for continuance proper. Defendants in criminal cases applying for continuances on the ground of the absence of witnesses are in all cases required to show diligence in procuring the attendance of such witnesses, but where a second or third application for continuance is made on the ground of the continued absence of the same witness, extraordinary diligence must be shown to have been exercised in procuring the evidence, else it is not error to refuse the application. Shook v. Thomas, 21 Ill. 87; Birks v. Houston, 63 Ill. 77; Wilson v. King, 83 Ill. 232; Gay v. Kendig, 2 Rob. (La.) 472; Eames v. Hennessy, 22 Ill. 628; Carr v. Marshall, 1 Bibb (Ky.)

362; People v. Lampson, 70 Cal. 204, 11 Pac. Rep. 593; Dawson v. Coston, 18 Colo. 493, 33 Pac. Rep. 189; People v. Jocelyn, 29 Cal. 562; Unsel v. Commonwealth, 87 Ky. 368, 8 S. W. Rep. 144; Van Brown v. State, 34 Texas, 186.

The second, third and fourth assignments of error are based upon rulings of the court overruling three several challenges for cause by the defendant to three several talesmen. There was no error in either of these rulings. Each of the talesmen on his *voir dire* examination answered substantially that he had formed an opinion as to the guilt or innocence of the accused, but that such opinion was not formed from talking with the witnesses in the case, but from rumors and newspaper reports. That such opinion was not fixed, but would readily yield to the sworn evidence at the trial, and that they felt perfectly free to try said cause and to render a verdict therein according to the sworn evidence at the trial uninfluenced by such previously formed opinion. Under these circumstances the jurors were competent and there was no error in overruling the challenges to them for cause. Brown v. State, 40 Fla. 459, 25 South. Rep. 63; Olive v. State, 34 Fla. 203, 15 South. Rep. 925; Andrews v. State, 21 Fla. 598; Marlow v. State, 49 Fla. 7, 38 South. Rep. 653.

The fifth assignment of error is expressly abandoned here.

One T. O. Johnson, a talesman, was asked on his *voir dire* examination if he was related in anyway to Arthur Shepherd and answered: "He is my sister's son," whereupon the State Attorney challenged him for cause, which challenge the court sustained, to which the defendant excepted, and this ruling is assigned as the sixth error. There was no error here. The defendant in a criminal trial has no right to any particular juror. The

right of challenge confers the right to *reject,* not to *select,* jurors. There is no showing in the record that the jury that tried him was not in all respects a fair, impartial and perfectly lawful jury, notwithstanding the discarding this talesman—and if so, then he was not injured even if the discard of the talesman was improper; but it developed afterwards at the trial that the Arthur Shepherd who was the talesman's sister's son was on friendly terms with, and was present with, the defendant at the time of the homicide and at a difficulty between the defendant and the deceased that occurred shortly before' the homicide, which facts being known to the trial judge justified the refusal of the judge to permit said Arthur Shepherd's uncle to sit on the jury to try the defendant. Edwards v. State, 39 Fla. 753, 23 South. Rep. 537; Peaden v. State, 46 Fla. 124, 35 South. Rep. 204; Colson v. State decided here at the present term.

To a State witness the State Attorney propounded the question, referring to the deceased: "Did he have a wife?" This witness answered: "Yes sir." The defendant objected to the question and moved to strike the answer thereto because it was immaterial and irrelevant, and because it could have no other effect than to prejudice the minds of the jury against the defendant. The court overruled the objection to which exception was taken, and this ruling is assigned as the seventh error. The court erred in this ruling. The fact that the deceased did or did not have a wife had no sort of relevancy or pertinency to any issue in the case; and, in the language of the objection thereto, its development at this trial could have no other effect than to prejudice the defendant with the jury.

The matter constituting the basis for the eight assignment of error was not excepted to at the trial, conse-

quently it cannot be assigned for error  here.  So  also with the matters embraced in  the  ninth,  tenth  and eleventh assignments of error, they were none of them excepted to, and, consequently cannot be considered here.

The twelfth assignment of error challenges the correctness of the following charge given by the court to the jury: "The killing of an officer of the law, when such officer is engaged in the lawful discharge of his duty, by any person resisting such officer, and under such circumstances as not to constitute justifiable or excusable homicide, is murder in the first  degree." "And  I  further charge you, in this connection, that a police officer has a lawful right, and it is his duty, to arrest persons committing a breach of the peace, or attempting to commit a breach of the peace in his presence, without a warrant." This charge, particularly the first clause thereof, is erroneous.  It is erroneous because under our  statutory definition of murder in the first degree the killing, to fall within such degree, must be  done with a  *premeditated design to effect the death,* whether the person killed be an officer of the law or not.  It is further erroneous, we think, because, even if it were otherwise correct law, it is not justified by the facts in proof.  The  facts in the record before us do not show that the deceased officer was in the lawful discharge of his official duty at the time he was killed, but, on the contrary, show that he was at the time in an unlawful and violent manner, attempting to obtain possession from the defendant of his (the deceased) pistol, without any attempt or expressed design of arresting the defendant.  The  second or last clause of the charge is erroneous also because not justified by the facts in proof.  The proofs show that there were two altercations between the deceased and the defendant on the day of the homicide, but at neither of

these does the record show that there was any attempt on the part of deceased, as an officer of the law, to arrest the defendant or to take him into custody for any breach of the peace or other infraction of the law, but on both occasions the deceased seems to have violently sought to display and assert his individual physical manhood and prowess, rather than the mantle of his official authority.

The following clause in one of the court's charges is also assigned as error: "That you do not permit on the one hand any feeling of resentment against the defendant for taking the life of an officer of your city." Upon another trial this feature of the charge had best be modified so as to leave the fact open for determination by the jury as to whether the life of an officer of the city had been taken by the defendant, as there was testimony tending to show that the defendant may not have fired the shots that killed the deceased.

Several refusals to give divers instructions requested by the defendant are assigned as error. Without treating them in detail, it is sufficient to say that we do not think there was error in their refusal because they were not drawn in consonance with the facts in proof. They deal with the rights of officers in making arrests with and without warrants, whereas the proofs do not show any arrest or attempt to arrest the defendants by the deceased. As the case will have to go back another trial we deem it proper to suggest, that in the event the proofs developed at another trial should be the same as are disclosed in the record here, all idea of the killing of an officer in the discharge of his duty should be eliminated from the charges, and the law given in charge fully covering the right of self defense against assaults, and of manslaughter growing out of sudden affrays.

For the errors found the judgment of the Circuit Court in said cause is hereby reversed and a new trial awarded at the cost of Monroe county.

HOCKER and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.