## BEN DIAZ v. THE STATE.

### No. 1170.   Decided May 10, 1911.

**1.—Theft—Indictment—Money—Property—Description.**

Under article 866, Penal Code, the term "property" as it relates to the crime of theft includes every article commonly known as and called personal property, and where the indictment alleged that defendant fraudulently took $50 in paper currency, lawful currency of the United States of America of the value of $50, it was sufficient, and it was not necessary to allege that it was money, or give a more specific description.

**2.—Same—Evidence—Circumstantial Evidence.**

Where, upon trial of theft, it appeared that defendant had his hand cut on the night the property was stolen, there was no error in permitting the State to introduce testimony that there were some spots on a portion of the property recovered that were not on it when lost, and that the witness believed to be blood spots; the evidence being entirely circumstantial.

**3.—Same—Evidence—Unwilling Witness—Leading Questions.**

Where the witness was a Mexican who could not speak English and who testified through an interpreter, there was no error in permitting the State to ask the witness if the property was United States currency.

**4.—Same—Argument of Counsel.**

Where no charges were requested with reference to the remarks of State's counsel, and the same were in reply to defendant's counsel, there was no error.

**5.—Same—Charge of Court—Circumstantial Evidence.**

Where the court properly charged on the law of circumstantial evidence, there was no error in refusing a requested charge.

**6.—Same—Sufficiency of the Evidence.**

Where the evidence, although entirely circumstantial, was sufficient to sustain the conviction, there was no error.

Appeal from the District Court of Wise.    Tried below before the Hon. J. W. Patterson.

Appeal from a conviction of theft over the value of $50; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*McMurray & Gettys,* for appellant.—Upon the question of the insufficiency of the indictment: Otero v. State, 30 Texas Crim. App., 450; Jackson v. State, 34 Texas Crim. Rep., 90, 29 S. W. Rep., 265; McGee v. State, 43 S. W. Rep., 99, 12 Cyc., 996-7.

On question of the insufficiency of the evidence: Mote v. State, 55 S. W. Rep., 173; Brooks v. State, 56 Texas Crim. Rep., 513, 120 S. W. Rep., 878.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—The appellant was indicted for theft, and upon a trial he was convicted of theft of property over $50 in value, and his punishment assessed at two years confinement in the penitentiary.

1. Appellant filed a motion in arrest of judgment, alleging that the indictment was insufficient, in that wherein in said indictment it was alleged that defendant fraudulently took "fifty dollars in paper currency, lawful currency of the United States of America, of the value of fifty dollars," it should have alleged that it was money, and if not money, then said currency should have been described more specifically.

Under article 866 of the Penal Code it is provided that the term "property," as in relation to the crime of theft, includes every article commonly known as and called personal property.    In the case of Sansbury v. State, 4 Texas Crim. App., 99, it is held by this court:

"The second objection is that United States treasury notes and national bank bills are not the subjects of theft under our law, for two reasons: First, because they are not money, but simply evidences of a promise to pay money; and second, that in case they could be considered money, then the statute above quoted (Pasc. Dig., article 2390), including 'money' and 'bank bills' in the term 'property,' as used in relation to the crime of theft, can not embrace this 'money' and these bank bills, because the statute was adopted long anterior to the existence of treasury warrants and national banks, and certainly must have been passed without reference to them.

"In support of the proposition that treasury warrants or notes, and

national bank bills, are not money, and consequently not the subject of theft, we have been referred by zealous counsel to quite a number of authorities, and amongst them to the opinion of our learned Chief Justice in Block v. The State, 44 Texas, 620. That was a case of embezzlement, and because the statute for that offense (article 2421) limited the objects that might be embezzled to 'money or property,' and because there was no general definition of 'money' in other parts of the Code which included bank bills or other circulating medium current as money, the word 'money,' in reference to that particular statute, was held to embrace and mean simply 'current metallic coins.' But in that very case it was held that, with reference to the offense of swindling (Pasc. Dig., articles 2426, 2427), the Legislature had extended the word 'money' so as to include bank bills in the offense. And it was also said in that case that, 'if the notes had been shown to be legal-tender treasury notes,' even in embezzlement, 'it might have been plausibly contended that they were money which by law can be given in discharge of judgments rendered in our courts for money generally.'

"It is unnecessary to go to the rules of the common law, or the decisions of other States, for authority or precedent. As we have seen by the express words of article 2390 of Paschal's Digest, the term 'property, in relation to the crime of theft,' is made by our law to include 'money, bank bills,' etc. That United States treasury notes are not only considered property as well as money, and that, too, property of the most valuable kind, we need but look to the earnest and unceasing efforts daily and hourly made by our people to obtain and accumulate them. It is, perhaps, unnecessary for us to remark that, as part of the history of the times, they are considered of such value that quite a respectable party of our fellow-citizens, whether correct in their views or not, are now, and have been, urgently insisting and demanding that the quantity in circulation be largely increased by the government, as the best and safest method of relieving the finances and of encouraging and protecting the growing industries of the country. The objection urged to the indictment in this respect is untenable; when tested by the authorities, it will be found entirely sufficient. Boyle v. The State, 37 Texas, 360; Martinez v. The State, 41 Texas, 164; Ridgeway v. The State, 41 Texas, 231; Lavarre v. The State, 1 Texas Ct. App., 685."

In the construction of this article of the Penal Code, this has been the unvarying rule of this court, and the court below did not err in overruling the motion.

2. In the first bill of exceptions it is shown that Balintino Hernandez testified that there were some spots on a portion of the property recovered that were not on it when lost, and he thought it was blood. The defendant objected to this testimony on the ground that it was the opinion of the witness "that it was blood." The court sustained the objection, and instructed the jury not to consider it. Therefore, we can not see in what way defendant was injured. Again, as this was a case of circumstantial evidence, we are inclined to think that it was

permissible for the witness to state that the property had spots on it that were not on it when stolen, and from his examination he took it to be blood that made the spots. The defendant is shown to have had his hand cut the night the property was stolen, and while in a measure it was a matter of opinion, yet from common knowledge we all have some information upon which to base our judgment when we see blood spots.

3. In another bill appellant complains because the State was permitted to ask the witness, "Was it United States currency?" on the ground that it was leading. The witness had testified he had lost three $10-bills and four $5-bills and some small change. The court qualifies the bill by saying the witness was a Mexican who could not speak English, and it was hard to make him understand through an interpreter, and the witness did not appear to be well informed. In the light of this explanation we do not think the court erred in permitting the question to be asked.

4. There are several complaints to the remarks of the county attorney to the jury. No instructions or charges were requested in regard to these matters, and in the absence of requested charges we can not consider the matter, as the remarks are not such as would tend to inflame the jury. In addition thereto the court, in approving the bill, says the remarks were in reply to remarks of counsel for defendant.

5. Appellant asked a special charge in regard to circumstantial evidence. The court in his main charge instructed the jury:

"In order to warrant a conviction of a crime on circumstantial evidence, each fact necessary to the conclusion sought to be established must be proved by competent evidence, beyond a reasonable doubt; all the facts (that is, the necessary facts to the conclusion) must be consistent with each other and with the main fact sought to be proved; and the circumstances, taken together, must be of a conclusive nature, leading, on the whole, to a satisfactory conclusion, and producing in effect a reasonable and moral certainty that the accused, and no other person, committed the offense charged.

"But in such cases it is not sufficient that the circumstances coincide with, account for, and therefore render probable the guilt of the defendant. They must exclude to a moral certainty every other reasonable hypothesis."

Taking into consideration this charge, the court did not err in refusing the charge requested.

The evidence in this case is entirely circumstantial, but in view of the fact that defendant was boarding at the place from which the property was stolen, and did not come for breakfast the next morning, that a track was identified as his track, and other circumstances in evidence, we can not say the jury was not authorized to return the verdict they did return.

The judgment is affirmed.

*Affirmed.*