**Alvin Burl FARMER, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–009–CR.**

Court of Appeals of Texas, Fort Worth.

Nov. 4, 1981.

Coffey & Snodgrass, Frank Coffey, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Pam Corley, Asst. Dist. Atty., Fort Worth, for the State.

HUGHES, JORDAN and BROWN, JJ.

OPINION

HUGHES, Justice.

A jury found the appellant, Alvin Burl Farmer, guilty of the offense of resisting arrest and thereupon assessed a fine of $2,000.00.

We affirm.

The offense was allegedly committed on the morning of January 7, 1978, when an officer of the Crowley Police Department responded to a reported domestic disturbance. Differing accounts as to the facts surrounding the alleged offense were elicited at trial.

■ The appellant's first point of error is that the trial court erred in permitting his cross-examination as to oral statements made to police officers following his arrest.

On cross-examination of the appellant the prosecuting attorney asked the appellant this question:

"Q. Mr. Farmer, when you were at the police station . . . just prior—immediately before you were taken to the hospital, did you tell Kenneth Smith, quote, 'when this is over you will be back on the street. I will take care of you.' "

Appellant's objection on the grounds that the question related to a statement made after the defendant was placed under arrest and was in custody was overruled. The prosecuting attorney's position at trial was that the question was asked in order to impeach the appellant's previous denial of having ever threatened the police officer and therefore went to the credibility of the appellant.

V.A.C.C.P. art. 38.22 (1979) forms the basis of appellant's assertion that the statement was inadmissible.

The very nature of the statement is indicative of the fact that the statement was a voluntary outburst. The general provisions of art. 38.22 set out strict guidelines as to the admissibility of statements made during custodial interrogation. However, sec. 5 of art. 38.22 reads in pertinent part:

"Nothing in this article precludes the admission of . . . a voluntary statement, whether or not the result of custodial interrogation, . . . that has a bearing upon the credibility of the accused as a witness, . . . ."

We hold that, as introduced, the statement allegedly made by the appellant went solely to the credibility of the appellant as a witness and was therefore admissible on such basis. We overrule the first point of error.

During the trial the prosecution produced a police officer who testified that he had examined the arresting officer's gun and flashlight shortly following the incident. He testified that he had observed hair and blood on the flashlight but not on the gun.

The flashlight was produced at trial and had the blood stains on it but had no hair on it. The arresting officer had testified that he had kept the flashlight at his home for safekeeping.

On cross-examination appellant's counsel attempted to question the qualifications (education and training) of the witness to identify the stains as blood. Upon the prosecution's objection, the trial judge refused to allow appellant's counsel to continue questioning the witness on his qualifications. It is appellant's contention that the trial judge abused his discretion in limiting the cross-examination.

■ Inasmuch as the gist of the pertinent portions of the cross-examination of the witness went to the attacking of the qualifications of the witness to testify that the stains were blood, we hold that the trial judge did not abuse his discretion. It takes no expertise in order for a witness to testify as to an opinion that certain stains are blood stains. Common knowledge and experience are the basis for allowing such opinions. *Diaz v. State*, 62 Tex.Cr.R. 317, 137 S.W. 377 (1911). The cross-examination touching upon the witness' education and training was actually irrelevant, especially

in view of the fact that the witness was a police officer who had viewed the flashlight at a time shortly following the incident. We overrule the second point of error.

At an early stage in the trial, this discussion took place:

"THE COURT: All right.

"If you'll lend me your attention and let me kind of just touch base with you as to how we'll proceed from here on out.

"Let me—before we do that, inquire from the State, what complaint are we going to proceed on? There is two of them.

"MS. CORLEY: Oh, 124798, Your Honor. The other one should be dismissed. 124798 is a refiling."

 The appellant's counsel objected and requested that the jury be quashed on the grounds that the trial court's remarks indicated to the jury that there were two separate and distinct charges pending against the appellant, one of which was extraneous, and therefore the appellant's rights were prejudiced.

Although we are of the opinion that the reference to there being more than one charge was error, we hold that such error was cured when the prosecutor stated that the "other" charge should be dismissed. We overrule the third point of error.

The judgment is affirmed.