JOE TURNER, *Plaintiff in Error*, v. THE STATE OF FLORIDA,
*Defendant in Error*.

Opinion Filed November 25, 1913.

1. An information charging that T. did then and there unlaw-
fully and forcibly commit an assault upon a female child
under ten years of age, then and there attempting to unlaw-

fully and carnally know said female child, is not fatally defective.

2. On a trial for attempted rape, it is permissible to prove that the female made prompt complaint to her parent, and such testimony should not be stricken as a whole, even though some unnecessary details be given.

3. The evidence sustains the verdict.

Writ of error to Criminal Court of Record of Walton County; D. S. Gillis, Judge.

Judgment affirmed.

*H. L. Grace* and *S. K. Gillis,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

Cockrell, J.—Under an information charging that Joe Turner "did then and there unlawfully and forcibly commit an assault upon one ＊. ＊ ＊ , a female child under the age of ten years, then and there attempting to unlawfully abuse and carnally know said female child," he was convicted and sentenced to a term of four years in the State prison.

The form of the indictment was not questioned in the trial court, nor is there any assignment of error here upon which an argument against it may be properly predicated. The child was below the age of consent and the pleading differs materially from the indictment in Hogan v. State, 50 Fla. 86, 39 South. Rep. 464, which was attacked by a motion in arrest, and which failed to allege even an assault as an overt act. It also differs material-

Turner v. State—Opinion of Court.

ly from the Hogan case which confounded the two crimes of voluntary and involuntary sexual connection in one count. The information is not so fatally defective as to .call for voluntary action on our part, and the plaintiff has waived every defect which he might waive.

The first error assigned is that the court erred in permitting the father to state what the girl told him. It appears that within an hour or two after the alleged assault the little girl met her father and told him about it. It is admitted that it is permissible to show that complaint was promptly made of the commission of the offense and that the perpetrator may be named, but it is argued that the little girl went too much into details. We find in effect that this is about all the little girl told her father. She told it in her childish language, and there was no effort made to exclude any portion that might by possibility overstep the rule.

No objection was interposed to any testimony of the sister, a twelve year old witness to the assault, nor were the charges excepted to; consequently the assignments numbered two and three need not be considered.

The evidence is ample to show that Joe Turner attempted to procure this child to have intercourse with her, and that she fought him until she succeeded in escaping his clutches. The only defense he offers is that he was drunk and did not know what he was doing. We are not disposed to interfere with the verdict, and the judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.