SHELLIE WILLIAMS v. STATE.

184 So. 15.
Opinion Filed October 6, 1938.
Rehearing Denied November 7, 1938.

*Parker & Parker,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

CHAPMAN, J.—Shellie Williams, plaintiff in error, was convicted on two counts of an indictment by a jury of St. Lucie County, Florida, and was by the trial court sentenced to the State Penitentiary at hard labor for a period of ten years. He has perfected his appeal here and seeks a reversal thereof in this Court.

One of his contentions is that each count of the indictment is fatally defective. We have examined each count and hold that the assignment is without merit. See Turner v. State, 66 Fla. 404, 63 So. 708; Mercer v. State, 83 Fla. 555, 92 So. 535.

It is next contended that the trial court erred in charging the jury upon the law of the case. We have carefully considered the assignment but have not been supplied with citation of authorities to sustain this assignment. We believe the charge substantially covers the law of the case and no error was committed by the trial court in his instructions to the jury.

It is next contended that the evidence is not sufficient to sustain the verdict. We are forced to admit that a sharp conflict exists in the evidence. The defendant was twice married and obtained a divorce from the first wife, mother of defendant's daughter, named in the indictment. The child, at the time of the alleged crime, was making her home with the defendant, and its stepmother, the second wife of the defendant. The crime was alleged to have occurred on Sunday afternoon, October 24, 1937, at defendant's home in the City of Fort Pierce, Florida, while other members

of the family were away from home or visiting in the neighborhood. The child was crying when members of the family and relatives returned to the home and immediately she was advised by the child's stepmother to report the incident to the Sheriff, which she did. Two reputable physicians of the City of Fort Pierce called as witnesses during the progress of the trial, after a careful examination of the child, testified that they found no bruises, wounds or contusions on the privates of the eleven year old girl, but found evidence of a venereal disease which they thought or believed she had been infected with for some time. It does appear reasonable that these examinations would have disclosed some injury to the child. The stepmother of the child, as a witness for the defendant, explained the bloody undergarment offered or adduced into evidence by the prosecution which it was claimed that the child was wearing when attacked by the defendant. She likewise admitted that she became angry with her husband and out of her desire for revenge, induced the child to make the false charges against her husband; that she was responsible for the prosecution and that the entire charge was false. The mother of the child then followed up the prosecution against her former husband. The defendant denied the charge, but admitted that he had been up the night before and had been drinking during the time, as well as the day it is alleged that the crime was committed. It is difficult to reconcile the testimony of the two examining physicians with the verdict of guilty as rendered by the jury. The evidence of the little girl is not corroborated by the physicians, but on the other hand contradicts it. The defendant at the trial offered no character testimony or evidence as to his standing in the community. The authority to pass upon the credibility of the different witnesses for the State and defense was with the trial jury and not with this Court. It is possible that

this Court in considering and weighing conflicts in the testimony adduced, would reach a different verdict but under the law, we are powerless to invade the province of a trial jury where there is evidence from which all the essential elements of the crime may legally have been found, and it does not appear that the jury was influenced by considerations other than the evidence. The order of the trial court refusing to grant a new trial on account of the insufficiency of the evidence, or because the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions for the correctness of the verdict, the preponderance of the evidence against the verdict is so decided as to clearly convince the appellate court that it is wrong and unjust. See Pickerson v. State, 94 Fla. 268, 113 So. 707; Bullard v. State, 95 Fla. 997, 117 So. 381.

We find no reversible error in the record and the judgment appealed from is hereby affirmed.

WHITFIELD, TERRELL and BUFORD, J. J., concur.

ELLIS, C. J., and BROWN, J., concur in the conclusion.