100 So.2d 662 (1958)
Robert H. HATHAWAY, Appellant,
v.
STATE of Florida, Appellee.
No. 57-284.
District Court of Appeal of Florida. Third District.
February 20, 1958.
*663 Hughlan Long, Miami, for appellant.
Richard W. Ervin, Atty. Gen., and Irving B. Levenson, Asst. Atty. Gen., for appellee.
PEARSON, Judge.
Defendant was indicted and tried for murder in the first degree. He was found guilty of murder in the second degree, and sentenced to twenty-one years imprisonment. This appeal is from the judgment and sentence of the Court. We find it necessary to order a new trial because the defendant was deprived of the protection of Section 918.09 Fla. Stat., F.S.A.:
"In all criminal prosecutions the accused may at his option be sworn as a witness in his own behalf, and shall in such case be subject to examination as other witnesses, but no accused person shall be compelled to give testimony against himself, nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his own behalf. * * *." (Emphasis supplied.)
The italicized portions of this statute were construed in Simmons v. State, 139 Fla. 645, 190 So. 756, 757. In the Simmons case the prosecuting attorney asked the defendant whether he had testified at the preliminary hearing. To this question the defendant replied, "No sir". The Court held:
"This statute applies to comment on the failure of the accused to testify at a preliminary hearing, an application for bail, a habeas corpus hearing on a former trial, as well as his failure to testify in the present trial. * * *
* * * * * *
"We hold that calling the attention of the jury, by prosecuting officer of the state, to the failure of the accused to testify in his own behalf at any preliminary proceeding or the present trial, no matter how innocently it may be done, comes within the exception and deprives the defendant of the protection the statute was intended to secure, and of his constitutional right to a fair and impartial trial."
In the instant case the record reveals the following questions and answers:
"Q. You told Mr. Parker all that. Then when he questioned you the next day and there was a reporter there taking down what you said, you didn't tell him then how it happened, did you? A. No, sir, I didn't tell him then, because I had just given a complete statement to Mr. Long, and Mr. Long had told me that was all that would be necessary and I wouldn't have to make any statement to the police, because I had constitutional rights, and was not required to give a statement to the police.
"Q. My question was, you did not at that time tell him about it? A. No, sir; I did not.
"Q. Then when they had the preliminary hearing in this case, you didn't testify at the preliminary hearing, did you? A. I didn't testify at all.
"Q. Then when we had the Habeas Corpus before Judge Harold Vann, you did testify at that time. Do you recall that? A. Yes, sir."
We consider the holding in the Simmons case, supra, controlling and it requires that the appellant be granted a new *664 trial. In fairness to the trial court, it must be pointed out that although assigned as error here, no objection was made by defendant's counsel to the question, nor were the questions and answers made a ground for the defendant's motion for a new trial. However, we consider that it is of the utmost importance to the fair trial of a defendant that he should not be placed upon the horns of a dilemma, that is: either to testify and become a witness against himself or have the jury prejudiced against him for his failure to do so. Although an error based on an improper question of a prosecuting attorney will not be considered on appeal unless an objection is timely made, this rule is subject to the exception that, if the improper question with its resultant answer is of such character that neither rebuke nor retraction may entirely destroy its sinister influence, a new trial should be awarded regardless of the want of an objection thereto. See Simmons v. State, supra.
Defendant's assignment of error number one reads as follows:
"The trial Court erred in allowing, over Defendant's objections, the wife of the deceased to testify as the State's first witness, for the stated purpose of identifying the body of her deceased husband from a photograph taken at the morgue, where also appearing in the same photograph was a good friend of deceased's who had identified the body at the morgue and was present at the trial under subpoena by the State and appeared as the second witness for the State in the trial, in that the State could have identified the body of the deceased by the second witness and the wife's testimony was immaterial and irrelevant and was for the sole purpose of establishing the fact that deceased had a wife and to prejudice the Defendant with the jury, especially since counsel for the Defendant admitted the identity of the deceased in his Opening Statement to the Jury."
With the exception of the conclusion drawn by the defendant as to the purpose of the wife's testimony, the record bears out the statements as to the conditions under which the decedent's wife was called as a witness. It is clear, and the State concedes, that it is immaterial, irrelevant and prejudicial to prove the decedent's family status in a homicide prosecution. See Melbourne v. State, 51 Fla. 69, 40 So. 189; Rowe v. State, 120 Fla. 649, 163 So. 22. We do not find that the purpose of the wife's testimony was to prejudice the defendant, but it can readily be conceded that it might have that effect. The State urges that since the wife's testimony was for a proper purpose, i.e. to establish the identity of the deceased, it is immaterial that her testimony may have induced sympathy for her loss to the prejudice of the defendant. Proof of the identity of the deceased by his widow or other members of his family may be proper or even necessary under certain circumstances. However, under the circumstances presented by the record in this case, we find that it was improper and prejudicial. Attorneys for both the State and the accused are under a heavy responsibility to present their evidence in the manner most likely to secure for the accused a fair trial, free, insofar as possible, from any suggestion which might bring before the jury any matter not germane to the issue of guilt. Viewed in this light the decedent's wife was not under the circumstances of this case a competent witness to establish the identity of the deceased. See Filippo v. People, 224 Ill. 212, 79 N.E. 609.
We have discussed appellant's first and third assignments of error. The second and fourth assignments claim error by the trial judge in that he limited cross-examination by the defendant of certain witnesses upon objections that the questions propounded were outside the scope of the matters covered upon the direct examination. We have examined the record in the light of these assignments and do not find error. See: Thalheim v. State, 38 Fla. 169, 20 So. *665 938; Pearce v. State, 93 Fla. 504, 112 So. 83, and McAden v. State, 155 Fla. 523, 21 So.2d 33. The proper limitations of cross-examination and the range to be permitted during such examination is a matter, in criminal cases as well as in civil cases, that lies within the sound discretion of the trial court. Revels v. State, 64 Fla. 432, 59 So. 951.
Defendant's remaining assignment, number five, pertains to the court's refusal to give a requested charge as to retreat in the law of self-defense when an assault is made upon one on his own premises. We do not find that the record supports the necessity for the requested charge in view of its inapplicability to the facts proved.
For the reasons set out in the discussion of the first and third assignments of error, the judgment must be reversed and the cause remanded for a new trial.
Reversed and remanded.
CARROLL, CHAS., C.J., and HORTON, J., concur.