THOMAS, Justice.
The appellant has appealed to this court from a judgment based on a verdict finding him guilty of rape. No mercy having been recommended he was sentenced to death by electrocution.
Two points are presented for decision, the sufficiency of the evidence, irrespective of the confession, to support the charge» and the efficacy of the confession. The appellant claims, in other words, that the evidence exclusive the confession was not of such weight as to establish his guilt beyond a reasonable doubt, and that it cannot be considered to have been substantiated by the confession because the confession was wrung from him by duress.
The weakness claimed by the appellant in the testimony of the alleged victim, herself, and in the combined testimony of the victim and supporting witnesses is based largely upon the boldness of the assaulter, who had entered the home of the victim shortly after midnight, and upon the uncertainty of the identification. There seems to be no dispute about the woman having occupied at the time a bedroom adjoining that of her husband, who was fast asleep, or about her three-year old grandson having been at the time in bed with her. These circumstances indicate, of course, brazenness of the highest degree, but they are not so inherently improbable that this court should say that the jury were not warranted in believing that they actually occurred and were accurately related. It was said that the husband and child were sleeping so soundly that neither heard the woman’s cries when she realized some one had entered the house. She said that when she heard the intruder’s footsteps she immediately called her daughter *389 who was away for the evening and who she thought was returning, and, receiving no response, called her husband. The trespasser then warned her to keep quiet or he would shoot her and told her “I want you and get yourself ready.” The woman while in a state of anxiety for the safety of the child and fear of injury to herself was violated.
By the testimony we have recounted, which the jury believed the elements of the crime, ravishment and carnal knowledge of a female forcibly and against her will, were established. State v. Bowden, 154 Fla. 511, 18 So.2d 478.
The figure who appeared in the victim’s room was hooded and wore gloves. She said she could tell that he was a Negro because of his voice and the odor of his body. Also she could tell by the dim light coming into the room from the living room that he was a colored man because the hood did not cover the lower part of his face.
Early in the morning of the following day, the appellant was arrested and placed in jail and the victim was later called there for the purpose of trying to identify him. This she could not do by observing his countenance because of the hood that had concealed all her assailant’s face except that part below his nose. So four Negroes were placed one at a time behind a screen through which it was impossible for the victim to see; each was given a number and was required to repeat the words: “Keep quiet and do what I say or I will shoot you” and “Do what I say and I won’t hurt you.” The woman named the voice that came from the man who had been given the number “2” as the same she had heard from her attacker. Then she requested of the police a repetition of the statements by the men numbered “1” and “2” and again identified the voice of the latter, who was appellant.
We think the identification was sufficient. Perhaps it would have been easier and simpler to identify by the features but certainly that is not the sole method. Were that so, a person committing a heinous crime could escape punishment because he had the foresight to wear a mask while engaged in his unholy enterprise. We have held that one may be identified by his voice, Mack v. State, 54 Fla. 55, 44 So. 706, 13 L.R.A.,N.S., 373; Pennington v. State, 91 Fla. 446, 107 So. 331.
The appellant’s challenge of the evidence, regardless of the confession, is re-j ected.
Although we have the view that commission of the crime was proved we will not disregard the confession made by the appellant to the officers.
The circuit judge meticulously guarded appellant’s rights by conducting, in the absence of the jury, an inquiry into the circumstances surrounding the confession in order to determine whether or not it was free of duress, therefore, admissible. Then the accounts were repeated to the jury so they could determine the weight to be accorded it. Graham v. State, Fla., 91 So.2d 662.
No reason has been shown to warrant our disturbing either the view of the judge or the jury.
It is plain from the appellant’s own story that he entered the victim’s home to rob and remained to rape. He recounted his movements to the officers afterward and then obliged by going with them to retrace his steps.
We have carefully read the record, not only because the assignments are directed to the sufficiency of the proof but also for the reason that we are obligated by Sec. 924.32(2), Florida Statutes 1957, F.S. A., to do that, in cases which have culminated in imposition of the death penalty, even though the sufficiency of the evidence is not questioned, so we may decide whether or not the ends of justice require a new trial. See also Rule. 6.16, subd. b, Florida Appellate Rules, 31 F.S.A.
*390 We conclude that the judgment should be, and it is—
Affirmed.
TERRELL, C. J., and HOBSON, ROBERTS, THORNAL and O’CON-NELL, JJ., concur.
DREW, J., dissents.