191 So.2d 58 (1966)
Walter Louis GIBSON, Appellant,
v.
STATE of Florida, Appellee.
No. H-190.
District Court of Appeal of Florida. First District.
October 4, 1966.
Rehearing Denied November 8, 1966.
T. Edward Austin, Jr., Public Defender, and Charles J. Franson, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Thomas E. Boyle, Asst. Atty. Gen., for appellee.
RAWLS, Chief Judge.
Appellant was informed against and tried for the offense of second degree murder. At the conclusion of the trial upon defendant's motion the court reduced the charge to manslaughter. This appeal is from a judgment of guilty entered pursuant to a jury verdict.
Appellant's sole point on appeal is, Did the trial court err in allowing, over defendant's objections, the wife and sister of the deceased to testify as to their relationship to the deceased?
Defendant and one Levi Adkins had an altercation in a pool room. Adkins died as a result of defendant's cutting him with a knife. A number of people were present in the pool room at the time of the fight. Two of these witnesses, Jenkins and Morris, knew decedent and each testified during the course of the trial. Another witness, Fred Lewis, testified that he rode in the ambulance *59 with Adkins from the pool room to the medical center.
The first witness called by the State was Lola Mae Adkins, the widow of the deceased, who testified as follows:
"Q State your name, please.
"A Lola Mae Adkins.
"Q Now, Mrs. Adkins, keep your voice up, if you will, please, so we can hear you. Keep your voice up so we can hear. Did you know Levi Adkins?
"A Yes, Sir.
"Q I can't hear you.
"A Yes sir.
"Q Were you related to him?
"Mr. RIPLEY: To which the defendant objects, if the Court pleases. It's immaterial and irrelevant whether she was related to him or not. She identified the body and that is all that is necessary and we object to any further interrogation along the lines  Was she a relative of his?  because it's immaterial and irrelevant and it might be prejudicial.
"COURT: Overruled.
"BY MR. TAYLOR:
"Q Were you related to him?
"A I am his wife.
"MR. RIPLEY: Now, Your Honor, we move to strike the answer and ask for a mistrial because it shows something prejudicial that was not necessary.
"COURT: Overruled and denied. Proceed."
The next witness called by the State was Maric Dixon who testified as follows:
"BY MR. TAYLOR:
"Q Your name, please?
"A Marie Dixon.
"Q And where do you live?
"A 2811 Venus Street.
"Q Is that in Jacksonville?
"A Yes, sir.
"Q Did you know Levi Adkins?
"A Yes, sir.
"Q Are you related to him?
"A Yes, sir.
"MR. RIPLEY: Now, Your Honor, we object to whether she is related to him or not. It's immaterial and irrelevant.
"COURT: Well, it is insofar as identification alone, except that it may corroborate the fact that she did know him and that is the sole purpose for which I will overrule your objection.
"BY MR. TAYLOR:
"Q How was he related to you?
"A He was my brother.
"MR. RIPLEY: Now, Your Honor, we move to strike that she was the sister and request that the Court instruct the jury not to consider that in arriving at their verdict and ask for a mistrial.
"COURT: Overruled. Denied. Proceed."
In reviewing the foregoing it is clear that the State at the outset submitted proof that decedent was survived by a wife and a sister. The State insists that the identity of decedent was an element to be proved by the prosecution and that testimony as to relationship showed that the witness was in a position to furnish such information. Such contention might well be sustained as to one of the witnesses. However, this record does not disclose any controversy as to the identity of the decedent nor any reason for "doubly proving" such identity by members of his immediate family.
*60 In Melbourne v. State, 51 Fla. 69, 40 So. 189 (1906), the state attorney asked this question, referring to the deceased, "Did he have a wife?" The Supreme Court held that the fact that deceased did or did not have a wife had no relevancy or pertinency to any issue in the case, and since an objection was made, its development at this trial could have no other effect than to prejudice the defendant with the jury.
In Rowe v. State, 120 Fla. 649, 163 So. 22 (1935), the state asked a witness a question concerning deceased's family. There the Supreme Court held:
"The fact that deceased may have had a family is wholly immaterial, irrelevant, and impertinent to any issue in the case."
In Hathaway v. State, 100 So.2d 662 (Fla.App.3d, 1958), deceased's widow was called as a witness by the state for the sole purpose of testifying as to the identity of the body of the deceased. The court held as follows:
"We do not find that the purpose of the wife's testimony was to prejudice the defendant, but it can readily be conceded that it might have that effect. The State urges that since the wife's testimony was for a proper purpose, i.e. to establish the identity of the deceased, it is immaterial that her testimony may have induced sympathy for her loss to the prejudice of the defendant. Proof of the identity of the deceased by his widow or other members of his family may be proper or even necessary under certain circumstances. However, under the circumstances presented by the record in this case, we find that it was improper and prejudicial. Attorneys for both the State and the accused are under a heavy responsibility to present their evidence in the manner most likely to secure for the accused a fair trial, free, insofar as possible, from any suggestion which might bring before the jury any matter not germane to the issue of guilt."
It is apparent from this record that the State could have proven the identity of the body of the deceased by witnesses other than members of his family. However, assuming it was necessary to call his wife to prove this element of the prosecution's case, it is apparent that the testimony of the sister was immaterial, irrelevant and could have served no useful purpose other than to emphasize the fact that decedent left surviving him an immediate member of his family. The case law is clear upon the subject.
The cause must be reversed for a new trial.
CARROLL, DONALD K., and WIGGINTON, JJ., concur.