PER CURIAM.
Appellant seeks reversal of a judgment of conviction entered on a jury verdict finding him guilty of breaking and entering with intent to commit a misdemeanor. His sole contention of error is that the Assistant State Attorney, in his closing argument to the jury, improperly commented on appellant’s failure to testify, thus violating Florida Statutes, Section 918.09 (1965), F.S.A.
When taken in the context of the record as a whole, the assailed statement constitutes nothing more than a comment on the evidence as it existed before the jury. As such, it was legitimate. See State v. Jones, Fla.1967, 204 So.2d 515, 516-18; Clinton v. State, 1908, 56 Fla. 57, 61-62, 47 So. 389, 390; Gray v. State, 1900, 42 Fla. 174, 176-177, 28 So. 53-54; Woodside v. State, Fla.App.1968, 206 So.2d 426, 428-429; cf. Gordon v. State, Fla.1958, 104 So.2d 524, 539-541; Trafficante v. State, Fla.1957, 92 So.2d 811, 812-814; Way v. State, Fla.1953, 67 So.2d 321, 322. The appealed judgment is accordingly affirmed.
Affirmed.
ALLEN, Acting C. J., and PIERCE and HOBSON,. JJ., concur.