PER CURIAM.
The appellant was informed against, tried without a jury, and convicted and adjudged guilty of robbery. Two points are presented on his appeal, first that the court erred in denying his motion to suppress certain evidence resulting from a search of his person, and second, that he was deprived of the right to present a closing argument.
Pertinent facts developed at the trial were that at approximately 2:30 o’clock A. M. on a certain date one Harry G. Koeh- *45 ler, an employee of the Wofford Beach Hotel in Miami Beach, was assaulted and relieved of his pass keys. A police officer in the area was informed by radio message that a hold-up was in progress at the Wof-ford Beach Hotel. Upon entering the hotel the officer observed the manager walking across the lobby followed by the appellant and two other men. One of the men was carrying a coat over his arm. Upon the policeman’s inquiry the manager told him to stay around, that he was having “a little trouble.” Other officers arrived, the men were put under arrest and search of them revealed the appellant had in his possession pass keys which were taken from Koehler, and that the one carrying the coat had an automatic pistol.
On trial of appellant and the co-defendants, appellant’s motion to suppress the evidence consisting of the pass keys was denied, and they were introduced into evidence.
We hold, as argued on behalf of the state, that in the circumstances disclosed the officer had probable cause to arrest the appellant and make the search which revealed the pass keys, and that no error was committed by the trial court in permitting their introduction into evidence.
Upon an examination of the record we conclude that the contention of the appellant that he was denied closing argument is without merit. As stated in appellant’s brief, the record does disclose that when the defendant rested and renewed his motion for directed verdict the trial court denied the motion and adjudged the defendant guilty without any oral argument having been made by defendant’s counsel, and that an objection was promptly made on behalf of the defendant Kissler on the ground that he had been denied the right to make a closing argument. However, the record also discloses that the court then offered to vacate the adjudication and afford the defendant’s attorney an opportunity to make a closing argument, but that the latter declined to present an argument, giving as his reason that the court already had expressed an opinion as to the guilt of the defendant. The trial judge continued, several times offering counsel an opportunity to present argument and when counsel for the defendant persisted in refusing to make an argument in this non-jury trial, the judge considered, and so stated, that the attorney for the defendant was choosing not to make an argument when opportunity therefor was offered. In so concluding, the trial judge was eminently correct.
Affirmed.