214 So.2d 67 (1968)
James L. ASHMORE, Appellant,
v.
STATE of Florida, Appellee.
No. J-77.
District Court of Appeal of Florida. First District.
September 10, 1968.
Rehearing Denied October 9, 1968.
Datz & Jacobson, Jacksonville, for appellant.
Earl Faircloth, Atty. Gen., George R. Georgieff, Asst. Atty. Gen., for appellee.
SPECTOR, Judge.
Appellant was convicted on an information charging manslaughter in two counts; driving an automobile while under the influence of intoxicating liquor, and culpable negligence in driving an automobile. He was sentenced to imprisonment for six months to five years on each count, the sentences to run concurrently.
The incident on which the charges are based occurred when appellant, a member of the armed forces, was driving north shortly after 9:00 P.M. on U.S. Highway 17, which is a two-lane road in a sparsely populated area where there are no street lights. Appellant left his duty station at the air base about 6:45 P.M. and went to a nearby saloon where he met a friend and consumed three alcoholic drinks. While going north on said highway to take his friend home, appellant's car ran into the rear of *68 the deceased's car, which had entered the highway from a side road at a very slow rate of speed. Appellant was going about 60 to 65 miles per hour. Appellant was unable to go around decedent's car or stop in time to avert the collision, and upon impact it turned over and caught on fire and badly burned both occupants, one of whom died shortly thereafter.
One of the contentions urged by appellant as basis for reversal is that the trial court erred in permitting the results of a blood test administered to him to be introduced in evidence over his objection. This contention is based upon the privileged status accorded statements made by a person involved in a vehicular accident by the provisions of Section 317.171, Florida Statutes, F.S.A.
We have examined the testimony contained in the record on appeal regarding the circumstances surrounding the consent given by appellant for testing the alcohol level of his blood and are of the opinion that there is sufficient evidence to support the trial judge's conclusion inherent in his ruling that the consent for the test was voluntarily given by appellant after he had been informed that the victim was dead and that the test was sought in furtherance of the investigation for a manslaughter case precipitated by such death. Both Officer Rudd and Dr. Quinn testified that the appellant was informed that the test was sought in connection with the death of the victim and that the results of the test could be held against him.
The record makes it clear that the consent for the test was not sought until after the officers learned of the death and embarked upon their criminal investigation for manslaughter. Under these circumstances, the blood test results are admissible in evidence. See State v. Coffey, 212 So.2d 632, Opinion Filed July 2, 1968, Supreme Court.
Appellant also contends that error was committed when the State permitted the decedent's husband to testify as to her identity in view of the availability of another witness for this purpose. The second identity witness, Mr. Jilek, was a neighbor in whose automobile the deceased was riding when this collision occurred. After decedent's husband testified as to the identification of the body of his deceased wife, the neighbor was called and the prosecutor propounded to him certain questions, the answers to which revealed that he had accompanied the deceased's husband to the morgue and that he too had identified the body. This witness also gave evidence regarding the operating condition of his car.
After Mr. Jilek was interrogated, defense counsel moved for a mistrial on the ground that it was prejudicial to use the surviving spouse as a witness to identify the deceased when there was readily available another witness by whom this same purpose could be accomplished. This court held in Gibson v. State, 191 So.2d 58, that it was error to prove the identity of the body of a deceased by members of the family of the deceased when that fact could have been proven by other witnesses who were not members of the family. The record in the case at bar demonstrates that it was wholly unnecessary for the surviving spouse to be used by the prosecution for this purpose when the very next witness could have served as well. As we said in Gibson, supra, at page 60, "The case law is clear upon the subject." See Melbourne v. State, 51 Fla. 69, 40 So. 189 (1906); Rowe v. State, 120 Fla. 649, 163 So. 22 (1935); Hathaway v. State, 100 So.2d 662 (Fla.App.3d, 1958).
The State contends that it was not error to use Mr. Jilek for identification purposes since he also testified as to the condition of the car in which deceased was riding. This contention misses the thrust of appellant's position on this appeal. He does not complain of the redundant evidence by Jilek as to identity. Rather, the complaint is directed to the widower's testimony which obviously was not necessary at all.
The cases cited above clearly reflect that where an identity witness is available other than a member of the deceased's *69 family, use of the latter serves only to prejudice the jury against the defendant by injecting issues into the trial which do not fall within the scope of the charges on which the defendant is being tried. This is a fundamental proposition of trial practice according to the decisional law of this State; and a substantial departure from this rule, so long as the present law continues, will serve only to require a retrial at further public expense. Why the departure from the principle of the rule enunciated in Melbourne, supra, and the other cases cited, including our own recent decision in Gibson, was necessary, is neither apparent in this record on appeal nor has it been explained satisfactorily by the State in its brief and arguments.
Reversed and remanded for a new trial.
RAWLS, Acting C.J., and JOHNSON, J., concur.