PER CURIAM.
The appellants, defendants in the trial court, were charged with rape by indictment. They seek review of adverse jury verdicts, judgments of conviction, and sentences to life imprisonment in accordance with the recommendations of mercy by the jury.
The causes were tried together in the trial court and one record was utilized on appeal. The parties were represented separately but their arguments were presented together. Therefore, the points raised in each of the appellants’ briefs will be determined in this consolidated opinion.
It is apparent from the record that each of the appellants had intercourse with the prosecutrix. The sole defense attempted to be offered was that of consent. One of the defendants took the stand in his own defense; the other did not. Each defendant was represented by separate counsel *639 in the trial court. Both appellants raise the question of burden of proof, urging that the evidence was insufficient to support the verdicts. Without detailing the evidence, it is patent from this record that the jury verdicts are fully supported by the evidence which was presented to them and, therefore, should not be disturbed on this appeal. McKee v. State, 159 Fla. 794, 33 So.2d 50; Jackson v. State, Fla.App.1958, 107 So.2d 247; Paul v. State, Fla.1959, 110 So.2d 388.
The appellant Thomas urges that the trial court committed reversible error because he excluded prospective jurors who did not believe in capital punishment, citing Witherspoon v. State of Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776. We reject this argument, particularly in view of the fact that no capital sentences were imposed by the verdicts of the jury. Witherspoon v. State of Illinois, supra; Bumper v. State of North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797; Em-brey v. State, 1968, 283 Ala. 110, 214 So. 2d 567.
The appellant Vinson also urges that the trial court committed error in permitting the mother of the prosecutrix to testify as to her daughter’s statements immediately following the incident, on the ground that this constituted hearsay. These statements were admittedly hearsay, but were within the exception to the general prohibition. Turner v. State, 66 Fla. 404, 63 So. 708; Irvin v. State, Fla.1953, 66 So.2d 288; 27 Fla.Jur., Rape and Related Offenses, § 30. This appellant also urges that the State Attorney commented on his failure to testify. We fail to find such. It is apparent that the prosecutor’s statements were at most comments on the testimony of the witnesses and not a comment on the failure of the defendant to take the stand. Spencer v. State, Fla.1961, 133 So.2d 729; State v. Jones, Fla.1967, 204 So.2d 515. Lastly, Vinson urges fundamental error in the court permitting certain testimony to be reread to the jury, after it had retired to consider its verdict. First, there is no basis for the urging of error in this particular, when trial counsel for the defendant indicated he had no objection “to its being read back”. Accord, Henry v. State, 94 Fla. 783, 114 So. 523; Copeland v. State, Fla. 1955, 76 So.2d 137; Tribue v. State, Fla.App.1958, 106 So.2d 630; Kissler v. State, Fla.App.1968, 212 So.2d 44. Secondly, it did not constitute error to reread a portion of the transcript to the jury at its request. Barton v. State 72 Fla. 408, 73 So. 230; Lutins v. State, 142 Fla. 288, 194 So. 803; § 919.05, Fla.Stat., F.S.A.
Therefore, for the reasons above stated, the jury verdicts, judgments of conviction, and sentences thereon be and the same are hereby affirmed.
Affirmed.