LILES, Judge.
Appellant, defendant below, struck another vehicle and killed its driver after having driven his truck through an accumulation of water. A photograph depicting the removal of the decedent from his car at the scene of the accident was introduced into evidence. Appellant maintains that the photograph and the use *270 of this photograph through the widow of the deceased amounted to fundamental error. Appellant maintains also that the evidence relied upon for a conviction of manslaughter by culpable negligence is legally insufficient to prove that the accident was caused by the culpable negligence of the appellant as the evidence did not exclude the hypothesis that the accident was the result of an independent intervening cause, namely the accumulation of water.
The prime condition as to the admissibility of a photograph is that it be identified by a witness as a portrayal of certain facts relevant to the issue, and verified by such a witness on personal knowledge as a correct representation of these facts. This was done by the policeman who took the picture, but the question of relevancy remains.
Appellant maintains that the prejudicial quality of the picture and its use outweighs its admissibility for relevancy. As to that objection, see Mardorff v. State, Fla.1940, 143 Fla. 64, 196 So. 625, and Albritton v. State, Fla.App.1969, 221 So.2d 192, which state the general rule that the mere tendency of a photograph to prejudice if it is otherwise relevant, will not be sufficient to justify its exclusion. For evidence to be relevant, it must be probative of a proposition material to the case at bar. Here the photographs showed the position of the truck and decedent’s car and decedent’s head as he was being removed from his car. The photograph is relevant to show the circumstances surrounding decedent’s death, i. e., that a truck and a car were involved in the accident, the impact of the collision, and that decedent was in the car during the accident. These circumstances are material to show that an accident did happen and to support plaintiff’s position that defendant’s truck collided with plaintiff’s car forcefully enough to have fatally injured decedent.
We affirm the action of the trial court in admitting the photograph of the decedent being removed from his car for the reason stated above and further for the reason that the picture was not prejudicial so as to outweigh its admissibility for relevancy. As a matter of fact, only decedent’s head can be seen in the photo and it is not the focal point of the picture. And, too, the picture was in black and white and, consequently, the blood stains allegedly portrayed therein and decedent’s head would not prejudice the jury to such an extent, if at all, so as to deny admissibility.
Appellant maintains that the photograph described above was used by the widow to identify the deceased and thus constituted error. In criminal prosecutions “proof of the identity of the deceased by his widow * * * may be proper or even necessary under certain circumstances.” Hathaway v. State, Fla.App.1958, 100 So.2d 662. It is also the law that where an identity witness is available other than a member of deceased’s family, use of the testimony of the family member as to decedent’s identity is prejudicial error. See Ashmore v. State, Fla.App.1968, 214 So.2d 67.
Ashmore and Hathaway can he distinguished from this case. Here, the policeman identified the photographs as being those that he had taken at the scene of the accident. He also identified the man in the picture from papers found in the deceased’s pocket at a later time and not from personal knowledge. It was shown that the policeman, the examining doctors and the eyewitness could not have properly identified the man in the wreck from personal knowledge as the man who died in the hospital. The following quoted material from the Record shows that there was no person other than the deceased’s daughter or his widow in the courtroom who could identify the man in the picture being removed from the wreck as the man who later died in the hospital:
“Q All right, this is State’s Exhibit No. 3, in evidence, which is a photograph. I ask you whether or not you see any *271 one in that photograph who was your husband ?
MR. TAMARGO, Your Honor, I would like to object to it.
THE COURT: Go ahead.
MR. TAMARGO: On the grounds that I believe the proper predicate would be if the State, I think the State would have to show that no one else other than Mrs. Rentz could identify, because this is highly prejudicial and many cases have held that it’s prejudicial, per se, a close relative to identify or seek to identify in a homicide case, or in a murder case. For that reason, I believe that it is error, prejudicial error, unless the State can show that no one else could do the identifying. I believe there is a recent case on this.
THE COURT: Do you have another witness who can do that, eye witness?
MR. PEARL: From that photograph, it may be there is another family member present today, is there not?
THE WITNESS: Yes, my daughter.
MR. PEARL: Who can make an identification.
THE COURT: Well, I don’t see it would make any difference.
MR. PEARL: These circumstances are not inflammatory.
THE COURT: Objection will be overruled.”
Gibson v. State, Fla.App.1966, 191 So.2d 58, held that it was error to prove the identity of the body of a deceased by members of the family of the deceased when that fact could have been proven by other witnesses who were not members of the family. Hathaway and Ashmore adhered to that holding and held that it was error to use the relative’s testimony when identification could have been made by other witnesses testifying at the trial. We do not feel that the above cases can be extended to say that the State had to prove that there was no witness other than those testifying who could identify the deceased.
Appellant’s third point concerns the insufficiency of the evidence to support the conviction. We have studied the record and find this point to be without merit. There is ample evidence in the record to support the conviction. Therefore, the judgment appealed from is hereby affirmed.
HOBSON, C. J., and McNULTY, J., concur.