SPECTOR, Judge.
This is an appeal from a judgment of guilt entered upon a jury verdict on a charge of forcible rape. The jury having recommended the defendant to mercy, a life sentence was imposed upon appellant.
The sufficiency of the evidence to support the jury’s verdict of guilt is conceded by appellant. Since the sentence in this case is life imprisonment, we have nonetheless read the testimony given against the appellant at his trial and find that the evidence was overwhelming. The victim, a young wife of a sailor away from home on active duty with the United States Navy, testified that appellant and three companions accosted her as she was walking home one evening between 6:30 and 7:00 P.M. after making a call in a neighborhood public telephone booth. They dragged her into their stolen car at gunpoint and, after driving to a secluded place, each of them raped her.
The only questions upon which appellant bases the claim for reversal of his conviction relate to the manner in which the trial was conducted. The first point raised is that during his closing argument, the prosecutor improperly vouched for his case and, further, that he commented on the defendant’s failure to testify.
In support of his first point, appellant set forth in his brief portions of the prosecutor’s argument to which he objects as improperly constituting a comment on the prosecutor’s belief that defendant was guilty. Representative of these is the following :
“MR. GORDIE: Ladies and gentlemen, I will only give you a few short remarks on how I feel on this case. At the very outset, I want you to know that I have opened up my very heart and feelings so that you can have my entire view of how this case is used by the State of Florida and the people. (Emphasis supplied)”

“* * * there’s never been a more solid case than this.”

“I say clearly that in this case, the State has unquestionably proved everything beyond and to the exclusion of a reasonable doubt. (Emphasis supplied)”

“But the testimony that came before you unequivocably proved that this defendant raped this Brewer girl and that he did so violently and with force of violence against her will — there is no question about it. (Emphasis supplied)”
* * * * * *
“* * * he (the defendant) walked in here with the white cloak of innocence around his shoulders, but I say the testimony coming from this witness chair completely tore that white cloak of innocence to shreds, and he now stands here before you in his stark nakedness of guilt. (Emphasis supplied)”
******
“Now, Mr. Jacobson makes a great point that Kinson’s (the co-defendant) got an interest in this case, and so, therefore, Kinson might be lying and the State of Florida has put before you perjured testimony. Certainly Kinson has an interest in this case, and I will tell you quite frankly as I stand here when Kinson comes up for sentencing, I am going to stand in the courtroom as a representative of the Court, and [tell] the Judge [who] is going to sentence Kinson [that he] cooperated with the State of Florida and that Kinson took these crimes of criminals off the street from the City of Jacksonville, and I am going to tell the Judge that sentences him also that Kinson testified the truth just like he’s telling on this witness stand when I asked him whether he was told to do it, he told me [he told] the truth. * * * (Emphasis supplied)”
*283 The statements complained of do not merit reversal in our view. The prevailing rule in Florida requires such statements to be weighed against the record evidence, and they are grounds for reversal when there is no support for them in the record. In McCall v. State, 120 Fla. 707, 163 So. 38 (1935), the court at page 46 stated the rule thusly:
“The rule appears to he that when a prosecuting attorney has indulged in improper argument, the question is whether or not the court can see from the record that the conduct of the prosecuting attorney did not prejudice the accused, and unless this conclusion can be reached the judgment must be reversed.”
More recently in Grant v. State, 171 So.2d 361, the Supreme Court adhered to the same principle when it concluded that even more severe comments contained in the prosecutor’s jury argument than those complained of in the instant case were not prejudicial in light of the entire record. At least since the decision in Adams v. State, 54 Fla. 1, 45 So. 494 (1907), such statements of a prosecutor’s belief of the defendant’s guilt were not improper if they were based on the evidence.
Our conclusion that the statements complained of are not grounds for reversal is further buttressed by invocation of the provisions of Sections 59.041 and 924.-33, Florida Statutes Annotated.
The appellant made a voluntary admission of his guilt to a police officer who so testified. No contention is made that such admission was coerced or otherwise defective, nor is it contended that it is not true. The victim herself positively identified the appellant as one of those who raped her. No question is here raised about the sufficiency of that evidence; and, lastly, a co-defendant, Edward “Sam” Kinson, testified for the State that appellant was one of the four who ganged up on the victim. The record shows that Kinson and the other two defendants, Eugene Vincent Ross and Ronald Louis Walker, pled guilty in this same case, apparently in a successful effort to avoid the ultimate penalty. At the trial, it was argued by counsel that Kinson’s testimony against Roundtree was unreliable because he had a number of other rape cases charged to him in similar circumstances where women were abducted at gunpoint and then gang raped. That argument went to the weight of Kinson’s testimony and the jury obviously accepted it. No question is now raised as to Kinson’s testimony. When viewed in light of the overwhelming evidence of guilt found in this record, we are convinced that the prosecutor’s comments were not prejudicial to appellant in the least.
It is also contended that the prosecutor’s argument contained matter which amounted to a comment on the defendant’s failure to testify. Excerpts from the argument relied upon are:
“Now, let’s review what the evidence was and the only testimony we had, and it is bare. (Emphasis supplied)”
* * * * >{i *
“This defendant has a perfect right to come into this courtroom and ask for a jury trial. He had a perfect right to be tried by a group of his peers. He’s taken, as he is entitled to do, all the protection under the law. He has been granted all the protection of the law. (Emphasis supplied)”
Whether the above statements are read alone or in the context in which they were made, it does not seem to us that they amount to a comment on defendant’s failure to testify. These remarks do not lend themselves to the meaning suggested by appellant. Duval v. State, 190 So.2d 613 (Fla.App.1966).
The remaining question raised for our consideration centers upon the use of the victim’s mother as a witness to prove the element of outcry after the perpetration of the offense. It is contended in this *284 case that the mother was used solely for the purpose of gaining the sympathy of the jury since another witness was available for use to prove the same fact. This view seems to have wide acceptance in homicide cases where a close relative is called as a witness to prove the identity of the deceased. See Ashmore v. State, 214 So.2d 67 (Fla.App.1st 1968); Gibson v. State, 191 So.2d 58 (Fla.App.1st 1966); Hathaway v. State, 100 So.2d 662 (Fla.App.3d 1958). However, we know of no cases where it has been applied in a rape case. Nor has appellant directed our attention to any such case. On the contrary, the State has cited Turner v. State, 66 Fla. 404, 63 So. 708 (1913), also a rape case wherein the victim’s father was permitted to testify as to the fact of outcry.
In Custer v. State, 159 Fla. 574, 34 So.2d 100 (1947), the court was confronted with a case in which the mother was permitted to testify as to the details of an assault upon her daughter over objections by the defense and reversed the conviction on the ground that such testimony violated the hearsay evidence rule. The court’s opinion stated at page 112:
“There can be no doubt of the error in allowing the mother of the girl who was raped to state in detail the circumstances going to prove the crime. It is even more objectionable because the mother relates not merely what her daughter said but from what was told her she drew her own inference and conclusion and gave these to the jury. This procedure has been disapproved as far back as Ellis v. State of Florida, 25 Fla. 702, 6 So. 768. Complaint soon after the occurrence is permissible, not to prove the crime itself, but to rebut the inference of consent which might be drawn from her prolonged silence.”
It is to be noted that while the court approved of evidence of the outcry as soon as possible, no language was used from which it could be said that the giving of such evidence by the mother was or could be prejudicial per se. In the case at bar, the victim, although married, was living with her mother because her husband was in the navy, and it seems to us a very natural reaction on her part to call her mother to report what had happened. We find no merit to appellant’s contention in this regard.
Accordingly, the judgment appealed is affirmed.
JOHNSON, C. J., and WIGGINTON, J., concur.