PER CURIAM.
The appellants were defendants in the trial court. They were indicted for the crime of rape, waived a jury trial, and the cause came on for final hearing before the circuit court. After the proceedings had commenced, the defendants voluntarily absented themselves from the trial. The trial court refused to continue the matter in their absence and, at the conclusion of the proceedings, adjudicated the defendants guilty. At the time of sentencing, they appeared and requested the court to reopen the cause, asserting that they claimed the defense of consent. The trial judge denied this request and sentenced Antonio M. Gil and Miguel Barcia to terms of seven years and ten years, respectively. This appeal ensued.
The appellants contend that the trial court erred in refusing the continuance after they had voluntarily absented themselves and, further, that he erred in refusing to permit the cause to be reopened for the purpose of taking testimony at the time of the sentencing. In addition, they contend he erred in limiting their cross-examination of the prosecutrix as to previous chaste character with certain individuals.
Rule 1.180(b), Florida Rules of Criminal Procedure, 33 F.S.A., explicitly provides that once a trial proceeding has commenced, if a defendant voluntarily absents himself from the courtroom it is not necessary that the trial be interrupted. The appellants concede this to be the rule, but contend that because of a committee note to this rule in reference to capital cases, the cause should be governed by Holton v. State, Fla.1849, 2 Fla. 476; Rule 1.180(b), CrPR, 33 F.S.A. We do not reach the consideration of this exception urged by the appellants, because no capital sentence was rendered in the instant case. And, if it was error not to continue the matter or to reopen the testimony, we deem it at most harmless and analogize the present situation to that wherein a jury is selected in a capital case, contrary to the provisions of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776, but the sentence is less than capital in which situation any error in jury selection has been deemed to be harmless. Thomas v. State, Fla.App.1969, 220 So.2d 638; Hallihan v. State, Fla.App.1969, 226 So.2d 412; Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797.
As to the last point, the trial judge did not limit cross-examination as to the previous chaste character of the prosecu-trix, but indicated the proper method by which counsel for the defense could conduct such cross-examination, which they failed to do. Rice v. State, 35 Fla. 236, 17 So. 286; Tully v. State, 69 Fla. 662, 68 So. 934; Nickels v. State, 90 Fla. 659, 106 So. 479.
*516 Therefore, the judgments of convictions and sentences here under review be and the same are hereby affirmed.
Affirmed.