OWEN, Judge.
Appellant was convicted of two counts of sale of LSD and two counts of possession of LSD. An indigent, he promptly made known his desire to appeal. The public defender, although timely appointed to represent him for that purpose, filed notice of appeal untimely. Consequently, we have no jurisdiction of the direct appeal. We exercise the prerogative of treating the notice of appeal as a petition for writ of habeas corpus in order to afford delayed appellate review. Baggett v. Wainwright, Fla.1969, 229 So.2d 239 and Collins v. State, Fla.App.1970, 230 So.2d 711.
The first question is whether the evidence was sufficient to sustain the conviction. All inferences reasonably to be drawn from the evidence are to be viewed in a light most favorable to the verdict. Crum v. State, Fla.App.1965, 172 So.2d 24. When so considered we find that even though some of the evidence is circumstantial, there is in the record substantial competent evidence to support the verdict, which is all that is required. Zalla v. State, Fla.1952, 61 So.2d 649.
The second question is whether the court erred in denying appellant’s motion for a mistrial made during the prosecutor’s closing argument. The motion for mistrial was predicated on alleged improper indirect comment on the defendant’s failure to testify in his own behalf. The prosecutor’s statement, interrupted by the objection before the statement was completed, was as follows:
* * * * * *
“MR. BROWN (Prosecutor):
“Now, this business about not knowing it was an hallucinogenic. Mr. Brennan says that the Defendant didn’t know it was hallucinogenic. Well, there is no way for us to pry open Mr. Hooks’ mind and let you look at it on November 30th, 1969—
“MR. BRENNAN: I object to this as being highly improper. I will move for a mistrial.
“THE COURT: 1 am going to ask you ladies and gentlemen of the jury to retire to the jury room, while I hear counsel.”
The prosecutor’s unfinished statement reasonably cannot be construed as a comment upon the defendant’s failure to testify in his own behalf. Although the statement was interrupted, it is clear (and was so explained by the prosecutor to the court out of the presence of the jury) that the reference to “pry open Mr. Hooks’ mind” was merely an explanation that knowledge on the part of the defendant could not be shown by real or demonstrative evidence, i. e., a visual examination of the defendant’s *324 mind as it existed at the time of the offense, but rather it necessarily had to be shown through testimony relative to the statements and conduct of the defendant at the time of the transaction. Since the prosecutor’s statement was not a comment on the accused’s failure to testify, there was no reason to grant the defendant’s motion for a mistrial. Roundtree v. State, Fla.App.1969, 229 So.2d 281 and Luke v. State, Fla.App.1967, 204 So.2d 359.
Having afforded to the appellant full appellate review of the alleged trial errors, we find none which would have required reversal on timely direct appeal. We conclude that the appellant-petitioner is not unlawfully detained in custody, and that the petition for writ of habeas corpus should be and is hereby denied.
WALDEN and MAGER, JJ., concur.