MAGER, Judge
(dissenting).
I must respectfully dissent from the opinion of the majority. From a reading *849 of the cases cited by the majority as well as other applicable decisions it is my belief that the comments made by the prosecutor during closing argument cannot be construed as a comment upon the defendant’s failure to testify in his own behalf.
The decision in State v. Jones, Fla.1967, 204 So.2d 515, cited by the majority, readily points up the differing fact circumstances in those cases treating the question of comments by prosecutors on a defendant’s failure to testify and the importance of analyzing a prosecutor’s argument in the light of the circumstances in each case. Certainly the premise upon which the majority opinion travels is correct, namely, that the state is prohibited from commenting directly or indirectly upon an accused’s failure to testify.
It is my belief, however, that the comments made by the prosecutor in the case sub judice when measured against the aforementioned proscription are not of such a character as to be construed as a comment upon the defendant’s failure to testify within the meaning of Rule 3.250 CrPR and its predecessor Section 918.09, F.S.A.
Although the principles set forth in the cases cited by the majority are pertinent the factual circumstances render those decisions distinguishable and consequently inapplicable to the facts in the case sub ju-dice. My reading of the circumstances surrounding the prosecutor’s comments in the case sub judice leads me to believe that such comments were addressed to the evidence as it existed before the jury and were made in direct response to defense counsel’s contention that the defendant’s confession was involuntary and inconclusive. See Washington v. State, Fla.App. 1968, 210 So.2d 290. The prosecutor’s statements were clearly designed to refute defense counsel’s comments concerning defendant’s confession; and it would require a strained construction of the facts to assume that a jury would infer that the prosecutor was calling the jury’s attention to appellant’s failure to testify. Compare with Harper v. State, Fla.App.1963, 151 So.2d 881. An examination of several of the pertinent decisions indicates the type of permissible or impermissible comments; in particular these decisions reflect comments which, although far more susceptible to the construction that they were comments on defendant’s failure to testify, were nonetheless held to be within permissible bounds. See Roundtree v. State, Fla.App. 1969, 229 So.2d 281; Adjmi v. State, Fla. App.1962, 139 So.2d 179; Hand v. State, Fla.App.1966, 188 So.2d 364; Luke v. State, Fla.App. 1967, 204 So.2d 359; Hooks v. State, Fla.App.1971, 250 So.2d 322; Singleton v. State, Fla.App.1966, 183 So.2d 245; and State v. Jones, supra.[1]
The views expressed herein are in no way intended to deprecate the judicial duty of safeguarding and protecting the right of a defendant in a criminal proceeding to remain silent; nor should these views be construed as being inapposite to the comments made by the majority concerning the conduct of prosecutors in criminal cases. I am simply of the view that based upon the facts and circumstances of this case, when taken in the context of the record as a whole, the prosecutor’s closing argument was within permissible bounds. I would affirm.

. In Hooks v. State, Fla.App.1971, 250 So. 2d 322, the prosecutor’s comment was “ . . . there is no way for us to pry open Mr. Hooks’ mind and let you look at it on November 30th, 1969”; in State v. Jones, Fla.1967, 204 So.2d 515, 516, the comment was: “Now how in the world have they shown to you gentlemen by any witnesses that he did not — that he did not know at the time know what he was doing was wrong? Where is the testimony that came from the stand?”